### DOUGHERTY et al. v. ATCHISON, T. & S. F. R. CO. et al.

(Circuit Court, N. D. California. November 23, 1903.)

#### No. 13,377.

1. REMOVAL OF CAUSES—CITIZENSHIP—CONCURRING NEGLIGENCE.

Where, in an action for injuries to a passenger against the railroad company and the conductor of the train, the plaintiff and the conductor were citizens of the same state, but the citizenship of the railroad was diverse, and the complaint charged the railroad company with negligence in accepting and carrying an insane person as a passenger without effective protection, and charged the conductor with negligence in failing to restrain such person so as to prevent assaults which he committed on plaintiff, the negligence of both defendants was concurrent, and the complaint did not present a separable controversy, so as to entitle the railroad company to remove the cause to the federal court.

On Motion to Remand Cause.

Sullivan & Sullivan and Charles M. Cassin, for plaintiffs.
C. N. Sterry, for defendant Atchison, T. & S. F. R. Co.

MORROW, Circuit Judge. This action was brought in the state court, in Santa Cruz county, to recover $50,000 damages, alleged to have been sustained by the plaintiffs by reason of personal injuries resulting to the plaintiff Angelina B. Dougherty, when a passenger on a train of the defendant railway company, through the assaults of an insane person who was a passenger upon the same train without any guardian in attendance. The plaintiffs are citizens of California. The defendant railway company is a citizen of Kansas. The citizenship of the defendant John Doe is not stated, but he is described as the conductor in charge of the train in question when it left Point Richmond, its starting point in California, and when the assaults complained of took place. The defendants are charged with negligence in failing and refusing to remove said insane person from the

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

train, or to restrain or control him in any way, or to watch or guard him during the time he was a passenger on said train, namely, from October 20 to 23, 1900.

On motion of the defendant railroad company the case was removed to this court, the motion being based mainly upon the diverse citizenship of the parties. The defendant John Doe did not join in the petition. The plaintiffs now move that the case be remanded to the state court, alleging as grounds for their motion that the defendant John Doe, whose citizenship is not alleged, is presumably a resident of California, and a citizen of the same state as plaintiffs, and that the cause of action set forth in the complaint involves and constitutes but a single controversy against both defendants, and is not separable.

The Supreme Court of the United States, in Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, had before it a case where a railway company and two of its servants were joined as defendants in an action to recover damages for the killing of the plaintiff's intestate by one of the defendant railway company's trains. The engineer and fireman of the train were charged with negligence jointly with the railway company. The suit was brought in the state court of Kentucky, the plaintiff and the engineer and fireman of the train all being citizens of that state. The railway company was a citizen of the state of Virginia, and filed its petition for the removal of the cause to the federal court on the ground of the diverse citizenship of the parties, alleging that the engineer and fireman were made defendants solely for the purpose of preventing a removal of the cause to the federal court. It was also alleged that the only controversy in the suit could be fully determined between the plaintiff and the defendant railway company. The petition was denied, and the cause proceeded to trial in the state court, resulting in a verdict for the plaintiff. The judgment on that verdict was affirmed by the Court of Appeals of the state, the question of the refusal to allow the cause to be removed being fully considered. Appeal from the appellate judgment was taken to the United States Supreme Court, where the only question passed upon was the action of the state court in denying the application to remove. The court said that the right to remove depended on "whether a separable controversy appeared on the face of plaintiff's petition or declaration. If the liability of defendants, as set forth in that pleading, was joint, and the cause of action entire, then the controversy was not separable as matter of law, and plaintiff's purpose in joining Chalkey and Sidles [the engineer and fireman] was immaterial. The petition for removal did not charge fraud in that regard, or set up any facts and circumstances indicative thereof, and plaintiff's motive in the performance of a lawful act was not open to inquiry." It was contended that the complaint charged neither direct nor concurrent nor concerted action on the part of all the defendants, but counted merely on the negligence of the employés. The court questioned whether, if the complaint should be so construed, the cause of action was not entire as the case stood, and the objection of the difference in the character of the liability matter of defense, which might force an

election, or defeat the action as to one of the parties. It was held, however, that under a reasonable construction of the complaint concurrent negligence was charged, and where concurrent negligence is charged the controversy is not separable. The allegations of negligence in that case were that the plaintiff's intestate "was, by the negligence of the defendant the Chesapeake & Ohio Railway Company and of its agents and servants, R. H. Chalkey and Wm. Sidles, who were in charge thereof, run over and instantly killed by one of defendant's passenger trains"; and after stating the relation of the defendants Chalkey and Sidles to the railway company, and that they were in charge of the train at the time of the accident, the complaint charged that "said negligence of the corporate defendant was done by and through its said servants and other of its servants then and there in its employment, and said negligence was the joint negligence of all the defendants." The allegations in the complaint in controversy here are much stronger than those just quoted. It is stated that on October 20, 1900, the plaintiff, at the direction of both defendants, entered a passenger car of a train owned and operated by the corporation defendant for the purpose of being conveyed from Point Richmond, in California, to Kansas City, Mo.; that the defendant John Doe was in charge of said train as conductor; that on the same day both defendants received into said car as a passenger, to be carried to a point beyond Kansas City, a person who was then and there violently insane, and unaccompanied by any person able to restrain or control him; that both of said defendants knew at that time that said person was so insane, and unaccompanied by a guardian; that plaintiff demanded, at numerous times, on said 20th day of October, and during the succeeding days of the journey, of the defendants, that said insane person be immediately removed from said car, and that he be restrained and controlled; that said defendants failed and refused to do so, and that by reason of their carelessness and negligence in failing to restrain, control, or remove said insane person from the car the plaintiff was violently assaulted upon several occasions by said insane person, by reason of which assaults plaintiff became sick, sore, terrified, etc., and suffered severe permanent injuries to her health, for which she asks damages. Upon the face of the pleading, then, the railway company is charged with negligence in accepting and carrying as a passenger an insane person without effective protection to other passengers from his assaults, and the conductor is charged with negligence in failing to exercise the care which, as the person to whom the passengers looked for protection, it was his duty to exercise—in so failing to exercise that care that the safety of one passenger was imperiled by the conduct of another, of which conduct he had knowledge and apprehension, and the power to prevent. Concurrent negligence is here pleaded, and under the rule laid down by the Supreme Court in the Dixon Case, supra, the case does not present a separable controversy, and cannot be removed to this court.

The motion to remand the cause is granted.