BLACKWELL'S DURHAM TOBACCO COMPANY v. THE AMERICAN TOBACCO COMPANY.

(Filed 16 April, 1907).

1. **Removal of Cause—Foreign Defendant—Diversity of Citizenship— Officers — Tort—Resident Defendants—Single Action.**—While upon a petition to remove a cause to the Federal Court on the ground of diversity of citizenship, by virtue of the statute resident officers and directors of a foreign corporation, as such, may not be made co-defendants for the purpose of preventing the operation of the statute, yet when the complaint alleges that they are *joint tort-feasors* and the plaintiff therein elects to unite them in a single action, the controversy is not separable at the election of the defendants; when a cause of action sounding in tort is alleged against the corporation, with the further allegation that the resident defendants "are actively engaged and personally aiding, assisting, and co-operating with their co-defendant in carrying on the business in violation of the plaintiff's right," a cause of action is alleged against the resident defendants, and the prayer of the petition for removal should not be granted.

2. **Same—Matters of Record at Time—Allegations of Petition.**—When a cause is sought to be removed to the Federal Court by reason of diversity of citizenship under the statute, an allegation of the petition that defendants believe the joinder of resident defendants was for the purpose of defeating Federal jurisdiction, and not in good faith, will not, in the absence of any finding of the fact, be considered.

PETITION AND MOTION of the defendants, The American Tobacco Company and Blackwell's Durham Tobacco Company, for the removal of this cause to the Circuit Court of the United States for the Eastern District of North Carolina,

heard before his Honor, *Moore, J.,* at the August Term, 1906, of the Superior Court of DURHAM County.

Plaintiff, Blackwell's Durham Tobacco Company, a domestic corporation, sues the defendants, the American Tobacco Company (of New Jersey), the Blackwell's Durham Tobacco Company (of New Jersey), both foreign corporations, and G. W. Watts, a resident and citizen of Durham, N. C. (one of the directors of The American Tobacco Company, and a stockholder therein), C. W. Toms, W. W. Flowers, and D. W. Andrews, residents and citizens of Durham, N. C., local managers, managing agents and business supervisors of said corporations.   The complaint sets forth:

1. That the plaintiff, Blackwell's Durham Tobacco Company, is a corporation, duly created, organized and existing under and by virtue of the laws of the State of North Carolina, with its principal office at Durham, in the county of Durham, State of North Carolina, and was so chartered and organized for the purpose of buying, manufacturing and selling tobacco in its various forms, including smoking tobacco, at Durham, within the county of Durham, in said State of North Carolina.

2. That the defendant, The American Tobacco Company, is a corporation, created, organized and existing under and by virtue of the laws of the State of New Jersey, and is engaged in the business of buying, manufacturing and selling tobacco in various forms, including smoking tobacco and cigarettes, at Durham, in the county of Durham, in said State of North Carolina.

3. That the defendant, Blackwell's Durham Tobacco Company (of New Jersey), is a corporation created, organized and existing under and by virtue of the laws of the State of New Jersey, as the plaintiff is informed and believes, and the plaintiff alleges that the said Blackwell's Durham To-

bacco Company (of New Jersey) is engaged in the manufacture of smoking tobacco, under said alleged corporate name, at Durham, in the county of Durham, in the State of North Carolina, and in the sale thereof in the manufactured condition under the aforesaid alleged corporate name of Blackwell's Durham Tobacco Company.

4. That the defendant, Blackwell's Durham Tobacco Company (of New Jersey) is not a co-partnership and is not a corporation of the State of North Carolina, and there is no other existing corporation of this State, except the plaintiff, which has the corporate name of Blackwell's Durham Tobacco Company; and if said defendant is a legal corporation at all, created and organized under any other State or government, the plaintiff is informed, and is advised by counsel learned in the law, and believes and so alleges, that the defendant, Blackwell's Durham Tobacco Company (of New Jersey), has never complied with the corporation laws of the State of North Carolina in that behalf made and provided, nor become domesticated as a North Carolina corporation, and it is not, therefore, authorized, but is expressly forbidden by the laws of the State of North Carolina, to do the business aforesaid, or any other business at Durham, in the county of Durham, or elsewhere in the State of North Carolina, under the aforesaid corporate name of Blackwell's Durham Tobacco Company; and the said defendant, Blackwell's Durham Tobacco Company (of New Jersey), has been and is now unlawfully doing the aforesaid business of manufacturing and selling smoking tobacco at Durham, in the county of Durham, in said State of North Carolina, under the identical name of the plaintiff, in violation of the laws of this State, and in violation of the plaintiff's corporate rights in the premises, to the plaintiff's irreparable injury and damage.

5. That, as plaintiff is informed and believes, and so alleges, the defendant, The American Tobacco Company, un-

der and pursuant to some business arrangement, contractual agreement, combination of business interests, or trust understanding, between it and its co-defendant, said Blackwell's Durham Tobacco Company (of New Jersey), the terms of which said business arrangement, contractual agreement, combination of business interests, or trust understanding, are unknown to the plaintiff, has been, and still is, aiding and assisting and co-operating with the defendant, Blackwell's Durham Tobacco Company (of New Jersey), in the aforesaid unlawful and unauthorized business of manufacturing and selling smoking tobacco at Durham, in the county of Durham, and in the said State of North Carolina, in violation of the laws of this State and in violation of the plaintiff's corporate rights in the premises, and to plaintiff's irreparable injury and damage.

6. That the defendant George W. Watts, for a long time prior to the commencement of this action, was, and still is, one of the directors of the defendant, The American Tobacco Company, and also a stockholder therein, and was, before and at the commencement of this action, and still is, a citizen and resident of Durham, in the State of North Carolina, and is, as such director and stockholder, directly connected with and interested in the aforesaid business and business connections between the defendants, Blackwell's Durham Tobacco Company (of New Jersey) and The American Tobacco Company, and directly connected with, actively and personally aiding, assisting and co-operating in the tortious acts of his co-defendants hereinbefore set forth.

7. That the defendants C. W. Toms, W. W. Flowers, and D. W. Andrews are natural persons, who, before and at the commencement of this action, were, and still are, citizens and residents of Durham, in the county of Durham, in said State of North Carolina, and were, before and at the commencement of this action, and still are, the local managers, managing

agents and business supervisors, by whatever name and title they may be respectively called, and are parties directly interested in carrying on the aforesaid unlawful business, and are actively and personally aiding and assisting and co-operating with their co-defendants in carrying on the aforesaid unlawful business of manufacturing and selling tobacco as aforesaid, at Durham, in said State of North Carolina, under the name of Blackwell's Durham Tobacco Company, in violation of the corporation laws of the State of North Carolina, and in violation of the plaintiff's aforesaid chartered corporate rights under plaintiff's aforesaid corporate name of Blackwell's Durham Tobacco Company.

8. That the defendant C. W. Toms is the agent who has been designated by both of the defendants, Blackwell's Durham Tobacco Company (of New Jersey) and The American Tobacco Company, respectively, upon whom legal process may be served, and said C. W. Toms is the general business manager and superintendent of both of said defendant corporations in the carrying on of their joint and several businesses aforesaid at and in Durham, in the county of Durham, in the State of North Carolina.

The plaintiff prayed the defendants and each of them be enjoined from using plaintiff's corporate name, etc., and for general relief.

Before the time for filing the answer expired, defendants, The American Tobacco Company and the Blackwell's Durham Tobacco Company, filed their petition, accompanied with the bond as required by the statute for the removal of the cause into the Circuit Court of the United States for the Eastern District of North Carolina, setting out their residence, and further: "That the so-called defendants in this suit other than your petitioner, Blackwell's Durham Tobacco Company, including your petitioner The American

Tobacco Company itself, are merely nominal defendants; that the said C. W. Toms, W. W. Flowers, and D. W. Andrews sustain only the relations of employees to your petitioner, Blackwell's Durham Tobacco Company; they are not, as alleged in the complaint, directly interested in the business of said Blackwell's Durham Tobacco Company, your petitioner, conducted in Durham, N. C., or elsewhere; they are neither officers, directors, nor stockholders in said company, and have no voice in the conduct of its affairs, but are its mere servants, employed by it to render service under the control and immediate direction of its officers and board of directors; that their only interest in or conduct of any business conducted in Durham, N. C., or elsewhere, under the name of Blackwell's Durham Tobacco Company, is as such employees of your petitioner, Blackwell's Durham Tobacco Company, under the control, management and direction of its board of directors and officers. That this suit is to try the title as between the plaintiff corporation and your petitioner, Blackwell's Durham Tobacco Company, to the trade name, Blackwell's Durham Tobacco Company, as shown and set forth in the complaint, and that the whole controversy is between the said plaintiff corporation, on the one hand, and your petitioner, Blackwell's Durham Tobacco Company, on the other; that petitioners are advised and verily believe that the action of the plaintiff in making nominal parties defendant the said three natural persons, employees of petitioner, Blackwell's Durham Tobacco Company, and citizens of North Carolina, and the said George W. Watts, would not operate to prevent this removal, even if such action had been taken in good faith; but, as petitioner further believes, such joinder of said four natural persons was not in good faith, but was for the express and fraudulent purpose of defeating the jurisdiction of the said Circuit Court

of the United States. Defendant George W. Watts is not a necessary or proper party to this controversy, and does not bear nor has he ever borne any relation whatsoever to the said Blackwell's Durham Tobacco Company, whether as director, officer, employee, agent or stockholder, and has not in any way been directly or indirectly connected with or interested in the business carried on by the said Blackwell's Durham Tobacco Company, your petitioner, or in aiding, assisting or co-operating therein. That your petitioner, The American Tobacco Company, bears no relation to your petitioner, Blackwell's Durham Tobacco Company, contractual or otherwise, except that it is a stockholder in said Blackwell's Durham Tobacco Company, and the said George W. Watts bears no relation to your petitioner, The Amercian Tobacco Company, except that he is a director and stockholder therein."

His Honor, *Judge Moore,* upon hearing the petition, refused to order the removal of the cause. Defendants, The American Tobacco Company and Blackwell's Durham Tobacco Company, excepted and appealed.

*Guthrie & Guthrie* for plaintiff.
*Fuller & Fuller* and *Junius Parker* for defendants.

CONNOR, J., after stating the case: It appeared in the record that, upon the original complaint, a petition for removal was filed and in some way, without any order to that effect, a transcript of the record was docketed in the Circuit Court. Thereafter an order was made by his Honor, *Judge Pritchard,* remanding the record because of the irregular manner in which it was docketed. Thereafter, the plaintiff made defendant Watts a party defendant and filed an amended complaint. The present petition for removal was

thereupon filed, and it is conceded by all parties that it is upon the amended complaint and petition the motion for removal is to be disposed of, without regard to the former orders, etc. It is further conceded that· upon the record before us we are not permitted to consider the question whether if upon demurrer to the complaint any cause of action is set forth. The non-resident corporation defendants insist that, conceding for the purpose of this motion for removal a cause of action against them is stated entitling plaintiff to the relief demanded, the other defendants are neither necessary nor proper parties. They contend that any judgment in the nature of an injunction which might be rendered against them would bind the other defendants, who have no other relation to the parties or the cause of action than agents, officers or employees, and that, as such, they would be bound to the same extent and in the same manner as if named in the summons, complaint and judgment. From this proposition they conclude and insist that we should conclude that the resident defendants are not only not necessary but not proper parties; that, for the purpose of disposing of this appeal, they should be treated as nominal or formal parties, against whom no relief may be demanded. That, upon the allegations of the complaint, taken to be true, the resident defendants are doing nothing affecting the plaintiff which does not pertain to their relation to the corporation defendants as their officers, servants or employees. The question is not free from difficulty, and the labors of learned and industrious counsel do not direct to our attention any case directly in point. Defendants insist that because the resident defendants are not necessary parties they are entitled to remove the cause; that to show that they are proper parties is not sufficient to defeat such right. If in no aspect of the complaint could any judgment be rendered

against the resident defendants, it would seem clear that they are neither necessary nor proper parties, and their presence cannot affect the right of the non-resident defendants to a removal.   Such was the conclusion reached in *Wecker v. Nat. E. and S. Co.,* 27 Sup. Court Rep., 184 (204 U. S., 176), relied upon by defendants.

. In that case an employee of the corporation was joined as defendant.   The cause was removed, and upon a motion to remand, made in the Circuit Court, it was found, as a fact, that he could not in any aspect of the case be held liable as a joint *tort-feasor* with his co-defendant.   The learned Justice who wrote for the Court cited the case of *Railroad v. Thompson,* 200 U. S., 206, written by himself, and distinguished it from the case then before the Court.   The defendants insist that the decision in *Wecker's case* is controlling in the one before us.   While it bears upon the question, we think that the same distinction is found between the two, as pointed out by *Mr. Justice Day.*   If counsel are correct in their contention, that unless the resident defendants are necessary parties the order of removal must be made, it is useless to further consider the case, because we do not think that they are such; that is to say, that no final judgment can be rendered without their presence, or that their presence is "necessary to a complete determination or settlement of the questions involved."   Revisal, sec. 410.   It is true that expressions are to be found in opinions of the Supreme Court of the United States sustaining the defendant's contention in this respect.   *Barney v. Latham,* 103 U. S., 205. It is equally true that in a large number of cases that Court has held that where two or more persons, either natural or corporate, are charged with a joint tort they may be joined in one action, and that when so joined the non-resident defendant is not entitled to remove the cause into the Federal

Court. The causes of action are not separable, although the defendants may interpose separate defenses, and the plaintiff may not upon the trial recover against the resident defendant.

This principle has been frequently applied to cases wherein the resident defendant is an agent, servant or employee of the non-resident corporation. In the latest case to which our attention is called, *Alabama Southern Railway Co. v. Thompson, supra, Mr. Justice Day* reviews the decisions and quotes with approval the following language, used in *Powell v. C. & O. Railroad,* 169 U. S., 92: "It is well settled that an action of tort which might have been brought against many persons or against any one or more of them, and which is brought in a State court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them and that their own controversy with the plaintiff is a separate one; for, as this Court has often said, a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all purposes of the suit, whatever the plaintiff declares it to be in its pleadings." The learned Justice proceeds to hold, upon the authority of many decided cases, that "the question of removability depends upon the state of the pleadings and the record at the time of the application for removal," saying that "it has been too frequently decided to be now questioned" that the plaintiff may elect his own mode of attack,

and the case which he makes in his complaint determines the separable character of the controversy for the purpose of deciding the right of removal.

In concluding the discussion, the question is put: Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think, in the light of the adjudication above cited from this Court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the State court will hold it not to be so. It may be, which we are not called upon to decide now, that this Court would so determine if the matter shall be presented in a case of which it has jurisdiction. But this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. See, also, *Cin. & Tex. Pac. Railway v. Bohon, ib.,* 221. It may be, and probably is, true that expressions may be found in opinions filed by Circuit Court Judges, which either do or appear to conflict with the language used by the Court. Moon on Removal, sec. 132. Assuming, for the purpose of this discussion, that plaintiff has set out in his complaint a remediable tort committed by defendant corporations, the question is presented whether it has also set out a cause of action on account of the same tort against the other defendants. Plaintiff says that it has, by virtue of its charter, the right to its corporate name, with all of the advantages incident thereto. That defendant, Blackwell's Durham Tobacco Company, a foreign corporation, having the same name, by virtue of some contract or trust agreement, entered into with the defendant, The American Tobacco Company, is conducting the same business which

plaintiff by its charter is entitled to conduct and prosecute, and that, by adopting its corporate name and conducting the business as set forth, said defendants are acting in violation of its corporate rights. This is its cause of action. We do not attach any importance to the allegation that the defendant, the Blackwell's Durham Tobacco Company, has not complied with the statutes of the State in regard to filing its charter, etc., in the office of the Secretary of State. Revisal, sec. 1194. For a failure to comply with the statute a penalty is given the State. No cause of action accrues to the plaintiff.

. Assuming that the act set out in the complaint constitutes an actionable tort against the defendants, the question arises, What are the rights of plaintiff against the resident defendants who "are actively and personally aiding and assisting and co-operating with their co-defendants in carrying on the aforesaid business, etc., in violation of plaintiff's aforesaid chartered rights, etc."? We are not expressing any opinion respecting the legal liability of either of defendants to plaintiff. It would seem, if the defendant corporations are liable to an action, that the other defendants could claim no immunity for their co-operation with them because they bear the alleged relationship to the corporations. In what respect, for the purpose of this discussion, does their status differ from the engineer and conductor who, aiding the railroad to operate its train of cars, tortuously injures the plaintiff? It is too well settled to admit of controversy that they are jointly and severally liable and may be sued either separately or jointly, as the plaintiff may elect, and although upon the hearing they may successfully defend the action, leaving the Company alone liable, no right of removal is conferred. Certainly it cannot be said that the engineer is a necessary party to such action. The plaintiff may sue

and recover of the company the damage sustained without calling in the engineer. It would seem that if, pending the litigation, the plaintiff entered a *nol. pros.* as to the engineer, leaving the company the sole defendant, the right of removal would at once arise. *Railway Co. v. Thompson, supra.* If, therefore, the plaintiff has a joint and several cause of action against the defendant corporations as joint *tort-feasors,* which it could prosecute in separate actions, it may, if it so elect, sue them jointly. When it so elects, the defendant must try the cause in the forum selected by plaintiff. This seems to be the conclusion reached by the Supreme Court of the United States in a large number of cases cited in *Railway Co. v. Thompson, supra.* This Court has uniformly so held. *Hussey v. Railroad,* 98 N. C., 34.

We do not perceive how this case can be distinguished from those cited if the plaintiff is entitled to maintain its action against the non-resident corporation; that is to say, if the conduct of the corporations is an actionable tort. Certainly all who actively aid, abet and co-operate with them in committing the tort, whether as officers, servants, agents or employees, are jointly liable with them. "Joint *tort-feasors* are held responsible, not because of any relationship existing between them, but because of concerted action toward a common end." 2 Jaggard Torts, 210. If this were an action against all of the defendants for damages, it would seem that, in the light of the authorities, there would be no question that his Honor properly refused to remove. Does the fact that plaintiff seeks to enjoin defendants from continuing their wrongful and harmful conduct affect the right of the petitioners to remove the cause? Assuming that plaintiff is entitled to the relief demanded against the non-resident corporations, why is it not also entitled to the same relief against all who are actively aiding, abetting and co-

operating with them. Defendants say because such relief is not necessary, that the injunction against the non-resident corporations will effectually and completely protect plaintiff's corporate rights. To this plaintiff responds that, if it so elected, it could sue all of the wrongdoers jointly for damages; it may upon the same principle maintain an action for any other relief to which it may be entitled. Thus the real question in controversy is presented.

It must be conceded that the authorities uniformly hold that an injunction against a corporation is binding, not only upon its managing officers, but upon its agents, employees and servants who have notice thereof. *People v. Sturtevant,* 9 N. Y., 263; 59 Am. Dec., 530. While this is true, we can see no good reason why, if as in this case the corporations are non-residents, and beyond the power of the Court to punish by fine for disobedience of the order, or possibly, because of the large interests involved, a fine might not secure obedience, the plaintiff may not, if it so elects, make his injunctive remedy more effectual by bringing in the officers, employees, etc., who are subject to the jurisdiction of the Court and amenable to such orders as may be made to protect plaintiff's rights. It is not difficult to see how foreign corporations could, if so inclined, evade the injunction of the courts unless resident officers or employees are made parties and brought personally within the jurisdiction of the Court. Defendants cite several cases which it is claimed sustain their contention. In *Pond v. Sibley,* 7 Fed., 192, the plaintiffs sought to enjoin a corporation from executing a lease, claiming that it was *ultra vires.* They joined several of the officers and directors, residents of the State in which the suit was brought, in a suit against the corporations resident of other States. The suit being removed, the corporations made a motion to remand for that the resident

directors were not necessary, but only nominal or formal parties. The contention was sustained, *Blatchford, Circuit Judge,* holding that the only real parties to the suit were the non-resident corporations; that they could not make the lease except by and through their officers and directors. "The individual defendants must, therefore, be considered as not parties to the controversy set forth in the complaint between the plaintiffs and the two corporations."

In *Hatch v. Railroad,* 6 Blatch., 105, Fed. Cases, 6204, cited by the Court, the suit was also brought to restrain the corporation from executing a contract. In the other cases relied upon by defendant the purpose of the suit was to restrain the corporation from doing some specific corporate act which could only be done by the managing officers of the corporation. In none of them do we find, as in this case, the charge that the foreign corporation is carrying on business in violation of defendant's rights, and that the individual resident defendants are aiding and co-operating with the wrongdoer in the wrongful conduct. If the plaintiff is entitled to the relief demanded, it would seem that its rights should extend to all persons, either natural or corporate, who are jointly engaged in the wrongful conduct complained of. It may well be that, if an injunction issue against the corporations, the plaintiff would be entitled to attach for contempt any employee or agent who disobeyed it by· showing that he had notice thereof, but we do not perceive why, in the first instance, it may not make such agent or employee a party and have the injunction directed against him as a joint *tort-feasor.*

Fully conceding the force of the decisions made by the Federal Circuit Court, we do not find that the question presented upon this record has been directly decided, nor do we find that the Supreme Court of the United States has

ever passed upon it. We are thus left to reach a conclusion amidst the maze of the numerous opinions of Circuit Court Judges found in the Federal Reporter and such decisions as have been made by the Supreme Court of the United States. We have endeavored to follow what seems to be the principles announced in *Railway Co. v. Thompson, supra.* Defendants insist that, upon the motion for removal, the facts set forth in the petition must be taken as true. The only fact alleged in the petition which does not appear upon the face of the complaint is that defendant "believes that such joinder of the said four natural persons was not in good faith, but was for the express and fraudulent purpose of defeating the jurisdiction of the said Circuit Court of the United States." Of course, if by making this averment, based upon petitioner's belief, the State Courts must, notwithstanding the facts set out in the complaint showing a joint cause of action, take it to be true, that is the end of the controversy. We do not so understand the decisions. In *Railway Co. v. Thompson, supra,* the following language used by the Court in *Thorn, etc., Co. v. Fuller,* 122 U. S., 535, is quoted with approval: "It is equally well settled that, in any case, the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the State court at the time for filing the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the Federal Court."

It has been said in several cases that if the plaintiff could legally sue the corporation and its agent or employee jointly, the fact that his election to do so was for the purpose of preventing a removal was immaterial. If the plaintiff chooses

TOBACCO CO. *v.* TOBACCO CO.

his mode of attack that way, his motive for doing so can not be said to be wrongful or fraudulent. In *Wecker v. Nat. E. & S. Co., supra,* the Court cites, with approval, the language used in *Thompson's case,* saying: "But in this case both parties filed affidavits upon the motion to remand, for and against, the right to remove." It seems that upon the motion to remand the defendant filed affidavits for the purpose of showing that, in fact, the defendant employer had no connection whatever with the commission of the tort complained of, and upon a hearing the Court so found. We do not find any case in which upon a petition for removal filed in the State court the question of practice raised by defendants is decided. It would seem, however, upon the reason of the thing, that, assuming the plaintiff's complaint shows a joint cause of action, the party who alleges fraud should be required to prove it. We find that the Circuit Court of Appeals, Seventh Circuit, has so decided in *Offner v. Railroad,* 149 Fed. Rep., 201. *Baker, Circuit Judge,* says that a petition for removal which simply avers that the resident defendants "were fraudulently joined is bad as pleading; it is worse as proof." That the facts showing bad faith should be set out and that these "the petitioner assumes the burden of establishing." Any other rule would enable a non-resident defendant to remove every case in which he was willing to swear that in his opinion the joinder was for the purpose of preventing a removal. As no proof was offered to sustain the charge of fraud, it is not to be considered. The entire question of the removability of causes is involved in difficulty and doubt. The author of Moon on Removal of Causes seems to be impressed with this opinion; he frequently cites a line of cases only to conclude that it is doubtful whether they are correct. It seems well settled that where the right to remove is doubtful the Court will refuse

to do so, and the Circuit Court will remand. Moon on Removal, sec. 39.

Whether the plaintiff, in its complaint, has set forth any actionable wrong is not open to us at this time and we express no opinion thereof. *Ib.,* 44. It is very doubtful whether, upon the authority of the well-considered case of *Bingham v. Gray,* 122 N. C., 699, any cause of action is set out. The plaintiff insisted that, conceding defendant's contention in other respects, the resident defendants were properly joined for the purpose of enabling it to have discovery. The authorities sustain the position of plaintiff that where, under the practice prevailing with us, prior to the adoption of our Code of Civil Procedure, discovery was sought from a corporation, it was proper and necessary to join such of its officers as were supposed to have personal knowledge of the facts in regard to which discovery was sought. The Bill of Discovery is, by The Code, abolished and the provisions of sections 864 and 865 substituted therefor. Whether for the purpose of examining the defendant's officers or employees, as provided in those sections, it is necessary to make them parties to the record, we do not now express any opinion because we find no suggestion in the complaint of any such purpose, or that there are any facts pertinent to the cause of action of which plaintiff desires to have discovery. The order of his Honor is

Affirmed.