JOHN E. PATTON v. CHAMPION FIBRE COMPANY AND W. J. DAMTOFT.

(Filed 27 May, 1926.)

**1. Actions—Joinder—Election—Principal and Agent—Parties.**

In an action for fraudulent misrepresentations the principal and agent making the misrepresentations are jointly and severally liable, and the plaintiff has his election to sue either jointly or severally, and plaintiff's motive for joinder, if he has clearly this right, is irrelevant.

**2. Removal of Causes—Federal Courts—Sufficiency of Allegations—Petition.**

In a petition for removal, allegations that the joinder of a resident and nonresident defendant was made for the purpose of preventing a removal, and mere statements that the joinder was fraudulently made for this purpose are not sufficient. Facts must be particularly alleged forcing the conclusion that the action is separable and the joinder was fraudulent and without right.

**3. Same—Matters of Defense.**

A general denial of the liability of the resident defendant, and the pleading of the statute of limitations, are matters of defense and cannot successfully be used to support a petition for removal.

**4. Same—Prior Actions.**

In a petition for removal of a cause to the Federal Court, for diversity of citizenship, an allegation that a prior action on the same cause of action was brought against the nonresident defendant, removed to the Federal Court, and that plaintiff took a nonsuit therein, does not alone have the effect of proving in a subsequent action wherein a resident defendant is joined, that the joinder was fraudulent.

APPEAL by the Champion Fibre Company from *Dunn, J.,* denying a motion to remove the cause to the United States District Court.

The plaintiff alleged that the Champion Fibre Company is a corporation and that Damtoft was its agent; that on 24 December, 1921, the corporation sold and conveyed to the plaintiff certain tracts of land and timber situated in Cherokee County; that for the purpose of inducing the plaintiff to buy said land and timber the defendants falsely and fraudulently misrepresented the quantity of merchantable timber and

chestnut wood; and that the plaintiff relied upon the representation, was deceived, and caused to suffer loss to the amount of $30,000. In apt time the defendant corporation filed its motion for removal before the clerk and from his judgment an appeal was taken to the judge, who denied the motion. The defendant corporation excepted and appealed.

*Marcus Erwin and Mark W. Brown for plaintiff.*
*Thomas S. Rollins for Champion Fibre Company.*

ADAMS, J. The complaint states a cause of action for joint liability and the plaintiff had a legal right to sue one or both the defendants. *Crisp v. Lumber Co.,* 189 N. C., 733; *Williams v. Lumber Co.,* 176 N. C., 174; *Stewart v. Realty Co.,* 159 N. C., 230. In the petition for removal it is not said that the controversy is separable. But it is alleged that the defendants were fraudulently joined for the purpose of retaining the jurisdiction of the State court; and, further, that the complaint herein is identical with the complaint in a former action instituted by the plaintiff against the defendant corporation and removed to the United States District Court, in which the plaintiff took a nonsuit; that Damtoft did not make the alleged representations and that the plaintiff did not rely on them; that after looking over the land and timber the plaintiff offered to make the purchase at a fixed price; that Damtoft's representations, if any, are barred by the statute of limitations; and that Damtoft is not a necessary or proper party.

An action commenced in a State court against a resident and a nonresident defendant may be removed to the Federal Court by the nonresident defendant if it can be shown that the action is separable and that the resident defendant is fraudulently joined for the purpose of preventing the removal; but such removal cannot be had if it does not appear that the resident defendant is fraudulently joined for such purpose. The petition for removal must contain, not only an allegation of the fraudulent joinder, but such a full and direct statement of the facts and circumstances as will demonstrate that a fraudulent joinder has been effected for the purpose of defeating the removal. *Rea v. Mirror Co.,* 158 N. C., 24. The petition may show that the joinder is a fraudulent device; "but the showing must consist of a statement of facts rightly leading to that conclusion, apart from the pleader's deductions." *Wilson v. Iron Co.,* 257 U. S., 92, 66 Law Ed., 144; *Johnson v. Lumber Co.,* 189 N. C., 81.

Neither the fact that the former suit against the defendant corporation was discontinued in the Federal Court and the present suit instituted in the State court against both the defendants, nor the mere allegation of a purpose to prevent the removal, nor the mere denial of the

allegations in the complaint is sufficient. *Rea v. Mirror Co., supra;* 3 Foster's Federal Practice, 3008, sec. 548 a; *R. R. v. Miller,* 217 U. S., 209, 54 Law Ed., 732. In *R. R. v. Cockrell,* 232 U. S., 146, 58 Law Ed., 544, it is said that it is not enough to assert that there was a fraudulent joinder of defendants, but there must be "a statement of facts rightly engendering that conclusion"; and that "merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." And in *R. R. v. Sheegog,* 215 U. S., 308, 54 Law Ed., 208: "On the other hand, the mere epithet 'fraudulent' in a petition does not end the matter. In the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect, and to sue the *tort-feasors* jointly if he sees fit, no matter what his motive, and therefore an allegation that the joinder of one of the defendants was fraudulent, without other ground for the charge than that its only purpose was to prevent removal, would be bad on its face."

The complaint, as we have said, states against the defendants a cause of joint liability in tort and the plaintiff had the legal right to proceed against one or both the defendants. An analysis of the petition for removal will show that with the exception of the allegation referring to the nonsuit in the Federal Court the averments are chiefly matters of defense. True, it is alleged that the plaintiff's cause is barred, but the statute of limitations is available only as a defense and never to support a cause of action. 1 Foster's Fed. Practice, 1051, sec. 181; *Smith v. Quarries Co.,* 164 N. C., 338; *Pruitt v. Power Co.,* 165 N. C., 416; *Patterson v. Lumber Co.,* 175 N. C., 90.

We think the judgment should be

Affirmed.