P. N. CRISP, ADMINISTRATOR, v. CHAMPION FIBRE COMPANY ET AL.

(Filed 12 January, 1927.)

1. **Removal of Causes—Federal Courts—Jurisdiction—Negligence—Torts —Pleadings—Complaint—Severable Controversy—Parties.**

   Where the amount is jurisdictional and a proper petition and bond has been filed, upon the nonresident defendants' motion to remove the cause from the State to the Federal Court for diversity of citizenship and fraudulent joinder of resident defendants, the complaint filed in good faith will determine the jurisdiction, alleging a joint tort as the basis of the plaintiff's action, when it therefrom appears that the tort alleged is both joint and severable.

2. **Same—Petitioners—Conclusions as to Fraudulent Joinder.**

   Where the complaint in an action brought in the State court alleges a joint tort though the tort is both joint and severable, as the basis of the action against nonresident and resident defendants, and the nonresident has filed a petition in that court to remove it to the Federal Court for fraudulent joinder, to sustain his petition, it is necessary for the petitioner to set forth with particularity such facts as will sustain the conclusion of law therefrom that the joinder of the resident defendant was fraudulent and for the purpose of defeating the jurisdiction of the Federal Court.

**3. Same—Motive.**

Where the complaint alleges a joint tort against a nonresident and resident defendant, sufficient to retain the cause in the State court, the fact that these allegations were merely for an ulterior bad motive will not alone defeat the jurisdiction of the State court.

**4. Same—Master and Servant—Nondelegable Duty of Master—Joint Tort.**

It is the nondelegable duty of the master to furnish his servant a reasonably safe place to work, and where the complaint has sufficiently set up a good cause of action in this respect, and has further alleged a tort that would make the servant individually liable for the plaintiff's injury arising from the neglect of the master combined therewith, a joint tort is alleged that will defeat the nonresident's motion to remove the cause from the State to the Federal Court on the ground of fraudulent joinder of parties.

**5. Same—Federal Courts—Motion to Remand.**

Where the petition filed in accordance with the Federal statute taken in connection with the allegations of the complaint raise material issues of fact that go to the substance of the motion to remove for alleged fraudulent joinder of parties, and nothing else appears upon the face of the record that would defeat the petitioner's right, the case is removed instanter, without the jurisdiction of the State court to pass thereon, plaintiff's rights if any he has, being to present the facts controverted in the Federal Court upon his motion therein to remand.

APPEAL by plaintiff from *Harding, J.*, at July Term, 1926, of SWAIN.

Motion to remove cause to the District Court of the United States for the Western District of North Carolina for trial. Motion allowed, and plaintiff appeals.

*Thurman Leatherwood and Alley & Alley for plaintiff.*
*Thomas S. Rollins for Champion Fibre Company.*

STACY, C. J.　Walter Grooms, a resident of Swain County, North Carolina, died intestate following an injury received on 25 May, 1925. Plaintiff duly qualified as administrator of the estate of the deceased, instituted this action and filed his complaint in the Superior Court of Swain County, alleging liability for the wrongful death of his intestate by reason of the joint and concurrent negligence of the Champion Fibre Company, a corporation, citizen and resident of the State of Ohio, doing business at Canton and Smokemont, N. C., and C. S. Badgett, a citizen and resident of Haywood County, N. C., and Rufus Speight and R. A. Jones, citizens and residents of Swain County, N. C. The plaintiff demands in his complaint the sum of $50,000.00 as damages for the alleged wrongful death of his intestate.

It is alleged in the complaint that on and prior to 25 May, 1925, plaintiff's intestate was employed by the Champion Fibre Company

as a "woodpeeler" at its tannic acid plant in Swain County and was under the immediate supervision and orders of C. S. Badgett, superintendent over the wood department of the corporate defendant, and R. A. Jones, who was foreman over said department; that the said defendants jointly and severally failed, in the exercise of ordinary care, to furnish plaintiff's intestate a reasonably safe place to work and a reasonably safe and suitable place to perform the work he was employed to do and reasonably safe tools with which to do the work assigned to him, in that the wood, he was directed to peel, was carelessly and negligently piled in large quantities and in such manner as to render the place of work unsafe, without other implements for handling the wood, and notwithstanding repeated complaints from plaintiff's intestate and other employees, which met with promises of improvement, but only to be delayed until after the injury and death of plaintiff's intestate, in consequence of which all of the said defendants, it is alleged, were guilty of breaches of duty which they owed plaintiff's intestate, etc., and which resulted in his injury and death. There are other allegations of negligence set out in the complaint but not deemed necessary to be enumerated for purposes of the present appeal.

The Champion Fibre Company, in apt time, filed its duly verified petition, accompanied by proper bond, asking that the cause be removed to the District Court of the United States for the Western District of North Carolina for trial, alleging, among other things:

"That the plaintiff has wrongfully and improperly joined with your petitioner, as codefendants, C. S. Badgett, Rufus Speight and R. A. Jones, for the sole and only purpose of preventing the removal of this case from the State court to the Federal Court, and for the sole and only cause of depriving the Federal Court of its rightful jurisdiction over this controversy, which is a controversy wholly between your petitioner and the plaintiff as administrator of Walter Grooms.

"That the defendant, R. A. Jones, has not even been served with summons in this case, and is an immaterial, unnecessary and improper party to this action. That the summons has been served upon the defendants, C. S. Badgett and Rufus Speight, but your petitioner respectfully shows to the Court that said C. S. Badgett was general superintendent of the wood operation of your petitioner at the time of the accident, resulting in the death of the plaintiff's intestate, Walter Grooms, and had no direct connection with him whatever and was not present when the accident occurred and knew nothing about the accident until long after it happened.

"That the said Walter Grooms was not injured or killed on account of the negligence of the defendants or any of them, and that none of the defendants were guilty of any of the negligence alleged against

them in the plaintiff's complaint, and that said allegations of negligence alleged against the defendants are untrue and are denied and such statements of negligence were alleged in the complaint against the defendants with full knowledge of their falsity and for the sole and only purpose of preventing their removal of this cause to the United States Court for trial."

It is not seriously contended that the motion to remove should be allowed on the ground of a separable controversy. The requisite separability for removal does not exist where the defendants are jointly liable, either in tort or in contract. *Timber Co. v. Ins. Co.,* 190 N. C., 801, and cases there cited. And where this is the basis of the motion for removal, the plaintiff is entitled to have his cause of action considered as stated in the complaint. *Swain v. Cooperage Co.,* 189 N. C., 528; *Hollifield v. Tel. Co.,* 172 N. C., 714; *Smith v. Quarries Co.,* 164 N. C., 338; *Lloyd v. R. R.,* 162 N. C., 485.

In other words, when the motion to remove is made on the ground of an alleged separable controversy, the question is to be determined by the manner in which the plaintiff has elected to state his cause of action, and, for this purpose, the allegations of the complaint are controlling. *R. R. v. Dowell,* 229 U. S., 102; *Hough v. R. R.,* 144 N. C., 701, and *Tobacco Co. v. Tobacco Co., ibid.,* 352.

"For the purposes of determining the removability of a cause (on the ground of an alleged separable controversy) the case must be deemed to be such as the plaintiff has made it in good faith in his pleadings." *Southern Ry. Co. v. Miller,* 217 U. S., 209.

Speaking to the question in *L. & N. R. R. Co. v. Ide,* 114 U. S., 52, *Mr. Chief Justice Waite,* delivering the opinion of the Court, said: "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. *Smith v. Rines,* 2 Sumner, 348. A separate defense may defeat his own recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way."

"The complaint is the basis for determining the question of separability"—*Varser, J.,* in *Timber Co. v. Ins. Co., supra.*

Recognizing the rule as it obtains in regard to the removability of a cause on the ground of an alleged separable controversy and appreciating the force of plaintiff's allegations of a joint wrong, the petitioner, in the instant case, insists upon its application for a removal on the ground of an alleged fraudulent joinder of the resident defendants. Upon the filing of such petition, in apt time, when the fraudulent joinder is sufficiently alleged, the suit or action must be removed to the Federal Court, and if the plaintiff desires to traverse the jurisdic-

tional facts, he must do so in that tribunal on motion to remand. *Smith v. Quarries Co.,* 164 N. C., 338.

Where the right of removal arises because of certain facts alleged in the petition, the plaintiff may not controvert such allegations of fact in the State Court, but the Federal Court alone has jurisdiction to determine any issues of fact thereby raised. *Carson v. Durham,* 121 U. S., 421; *R. R. v. Daughtry,* 138 U. S., 298; *Huntley v. Express Co.,* 191 N. C., 696.

But a general allegation of bad faith, or a mere denial of the allegations contained in the complaint, will not do. *Lloyd v. R. R.,* 162 N. C., 485. In order to warrant a removal on the ground of an alleged fraudulent joinder, the petition must contain a statement of the relevant facts and circumstances, with sufficient minuteness of detail, and be of such kind, as rightly to engender or compel the conclusion that the joinder has been made in bad faith and without right. *Fore v. Tanning Co.,* 175 N. C., 583. The petition must not only allege a fraudulent joinder or one made in bad faith, "but the showing must consist of a statement of facts rightly leading to that conclusion, apart from the pleader's deductions." *Wilson v. Iron Co.,* 257 U. S., 92. The position should appear as a conclusion of law from the facts stated in the petition. *R. R. v. Willard,* 220 U. S., 413.

In *R. R. v. Cockrell,* 232 U. S., 146, it was held that a mere allegation of a fraudulent joinder was not enough, but there must be "a statement of facts rightly engendering that conclusion"; and further that "merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder will not suffice; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." And in *R. R. v. Sheegog,* 215 U. S., 308, it was said: "On the other hand, the mere epithet 'fraudulent' in a petition does not end the matter. In the case of a tort which gives rise to a joint and several liability, the plaintiff has an absolute right to elect and to sue the *tort-feasors* jointly if he sees fit, no matter what his motive, and therefore an allegation that the joinder of one of the defendants was fraudulent, without other ground for the charge than that its only purpose was to prevent removal, would be bad on its face." To like effect is the decision in *Patton v. Fibre Co.,* 192 N. C., 48.

Speaking to the question in *Lloyd v. R. R.,* 162 N. C., 485, *Hoke, J.,* delivering the opinion of the Court, said: "On this question the authorities' are to the effect that when viewed as a legal proposition the plaintiff is entitled to have his cause of action considered as he has presented it in his complaint *(R. R. v. Miller,* 217 U. S., 209; *R. R. v. Thompson,* 200 U. S., 206; *Dougherty v. R. R.,* 126 Fed., 239), and

while a case may in proper instances be removed on the ground of false and fraudulent allegation of jurisdictional facts, the right does not exist, nor is the question raised by general allegation of bad faith, but only when, in addition to the positive allegation of fraud, there is full and direct statement of the facts and circumstances of the transaction sufficient, if true, to demonstrate 'that the adverse party is making a fraudulent attempt to impose upon the Court and so deprive the applicant of his right of removal.' *Rea v. Mirror Co.,* 158 N. C., 24-27, and authorities cited, notably, *R. R. v. Herman,* 187 U. S., 63; *Foster v. Gas and Electric Co.,* 185 Fed., 979; *Shane v. Electric Ry.,* 150 Fed., 801; *Knutts v. Electric Ry.,* 148 Fed., 73; *Thomas v. R. R.,* 147 Fed., 83; *Hough v. R. R.,* 144 N. C., 701; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352; *R. R. v. Houchins,* 121 Ky., 526; *R. R. v. Gruzzle,* 124 Ga., 735.

"True, it is now uniformly held that when a verified petition for removal is filed, accompanied by a proper bond, and same contains facts sufficient to require a removal under the law, the jurisdiction of the State court is at an end. And in such case it is not for the State court to pass upon or decide the issues of fact so raised, but it may only consider and determine the sufficiency of the petition and the bond. *Herrick v. R. R.,* 158 N. C., 307; *Chesapeake v. McCabe,* 213 U. S., 207; *Wecker v. Natural Enameling Co.,* 204 U. S., 176, etc. But this position obtains only as to such issues of fact as control and determine the right of removal, and on an application for removal by reason of fraudulent joinder such an issue is not presented by merely stating the facts of the occurrence showing a right to remove, even though accompanied by general averment of fraud or bad faith, but, as heretofore stated, there must be full and direct statement of facts, sufficient, if true, to establish or demonstrate the fraudulent purpose. *Hough v. R. R.,* 144 N. C., 692; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352; *Shane v. R. R.,* 150 Fed., 801."

When the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the question determined on the face of the record, so far as the State Court is concerned, and, for this purpose the allegations of the petition are to be taken as true. There can be no doubt "that the allegations of fact, so far as material, in a petition to remove, if controverted, must be tried in the Court of the United States, and therefore must be taken to be true when they fall to be considered in the State courts." *R. R. v. Sheegog,* 215 U. S., 308.

Speaking to the question in *Chehore v. Ohio, etc., Ry. Co.,* 131 U. S., 240, Mr. Justice Harlan, delivering the opinion of the Court, said: "Upon the filing by either party, or by any one or more of the plaintiffs

or defendants, *'entitled* to remove any suit,' mentioned in the first or second sections of the act of 3 March, 1875, 18 Stat. 470, of the petition and bond required by its third section, 'it shall *then* be the duty of the State Court to accept said petition and bond, and proceed no further in such suit.' The effect of filing the required petition and bond in a removable case is, as said in *Railroad v. Mississippi,* 102 U. S., 135, 141, that the State Court is thereafter 'without jurisdiction' to proceed further in the suit; or in *Railroad Co. v. Koontz,* 104 U. S., 5, 14, its rightful jurisdiction comes to 'an end'; or, in *Steamship Co. v. Tugman,* 106 U. S., 118, 122, 'upon the filing, therefore, of the petition and the bond—the suit being removable under the statute—the jurisdiction of the State Court absolutely ceased, and that of the Circuit Court of the United States immediately attached.' It has, also, been repeatedly held, particularly in *Stone v. South Carolina,* 117 U. S., 430, 432, following substantially *Railroad Co. v. Koontz,* that 'a State Court is not bound to surrender its jurisdiction of the suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer'; and that, 'the mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the State Court in the case ends, and that of the Circuit Court begins.' These decisions were in line with *Insurance Co. v. Pechner,* 95 U. S., 183, 185, arisng under the judiciary act of 1789, in which it was held that a 'petition for removal when filed becomes a part of the record in the cause'; that the party seeking the removal should state 'facts which, taken in connection with such as already appear, entitle him to transfer'; and that if he fails in this, he has not, in law, shown to the Court that it cannot 'proceed further with the cause.'

"It thus appears that a case is not, in law, removed from the State Court, upon the ground that it involves a controversy between citizens of different states, unless, at the time the application for removal is made, the record, upon its face, shows it to be one that is removable. We say, upon its face, because 'the State Court is only at liberty to inquire whether, on the face of the record, a case has been made which requires it to proceed no further'; and 'all issues of fact made upon the petition for removal must be tried in the Circuit Court.' *Stone v. South Carolina,* 117 U. S., 430, 432; *Carson v. Hyatt,* 118 U. S., 279, 287."

It is the holding of a number of cases that the filing of a petition for removal on the ground of an alleged fraudulent joinder, when ac-

companied by proper bond, presents to the State Court only the question of the sufficiency of the petition. *Traction Co. v. Mining Co.,* 196 U. S., 239; *R. R. v. Dunn,* 122 U. S., 513; *Carson v. Hyatt,* 118 U. S., 279; *Stone v. South Carolina,* 117 U. S., 430; *Steamship Co. v. Tugman,* 106 U. S., 118.

In *Cogdill v. Clayton,* 170 N. C., 526, the rules deducible from the authorities are stated by *Allen, J.,* with his usual clearness, as follows:

"1. That the petition for removal must state the facts upon which the motion is based, and not mere conclusions.

"2. That the petition is insufficient if it does no more than deny the cause of action alleged in the complaint.

"3. That the State court has jurisdiction for the purpose of determining if the facts alleged present a removable cause.

"4. That the State courts cannot inquire into and decide as to the truthfulness of the facts alleged in the petition.

"5. That if the facts alleged in the petition are sufficient to justify a removal, it is the duty of the courts of the State to make the order for the removal, and that it is for the Federal Court to inquire into and determine the truth of the facts alleged upon a motion by the plaintiff in the Federal Court to remand to the State Court. *Herrick v. R. R.,* 158 N. C., 307; *Rea v. Mirror Co.,* 158 N. C., 28; *Hyder v. R. R.,* 167 N. C., 588; *R. R. v. Cockrill,* 232 U. S., 146."

If the plaintiff has a right to sue one or more of the resident defendants jointly with the nonresident defendant and even though such resident defendant be joined solely for the purpose of defeating a removal, still such joinder cannot be said to be fraudulent in law, for the law will not give an absolute right and then declare its use or exercise a fraud. When the liability of the defendants is joint, as well as several, the plaintiff may, at his election, sue both, and no motive can make his choice a fraud. *R. R. v. Sheegog, supra.*

Here, the plaintiff has sued the Champion Fibre Company and its "General Superintendent of Wood Operation," C. S. Badgett, alleging a breach of one of the master's nondelegable duties, to wit, the duty in the exercise of ordinary care, to furnish plaintiff's intestate a reasonably safe place to work and reasonably safe tools and appliances with which to do the work assigned to him, which failure, it is alleged, continued after promise on the part of the wood superintendent to remedy, following complaint made by plaintiff's intestate and other employees. The performance of this duty was committed to C. S. Badgett. Hence, in this respect, if no other, he was the *alter ego,* or vice-principal of the master. *Tanner v. Lumber Co.,* 140 N. C., 475.

Speaking to the question in *Shives v. Cotton Mills,* 151 N. C., 290, *Brown, J.,* delivering the opinion of the Court, said: "The duty of

providing (in the exercise ·of ordinary care) a reasonably safe place in which to work is one of the primary or absolute duties of the master; and when the master delegates the discharge of such duty to a servant, whether he be called foreman, a superintendent, or what not, he represents the master, and the latter will be held responsible for the manner in which the duty is discharged."

Whenever it is sought to hold the master liable for the act or neglect of his servant, the question first to be considered is whether the negligence complained of relates to anything which it was the duty of the master to do. If it does, then the master is equally liable with the servant for he must see, at his peril, that his obligations to the workmen are properly discharged. *Ross v. Walker,* 139 Pa., 42; *Cook v. Mfg. Co.,* 182 N. C., 205; *S. c.,* 183 N. C., 48.

The plaintiff, then, it would appear, had a right to join C. S. Badgett as a party defendant, and, although the plaintiff might have elected to sue the defendants separately, they are also liable to him jointly. *Hough v. R. R.,* 144 N. C., 692. This was so at common law, as well as now. *R. R. v. Dixon,* 179 U. S., 137; *Alpha Mills v. Engine Co.,* 116 N. C., 797.

The facts alleged in the petition for removal neither compel nor point unerringly to the conclusion that the joinder in the instant case is a fraudulent one and made without right.

We hold, therefore:

1. That when a motion to remove a suit or action from the State Court to the District Court of the United States for trial is made on the ground of an alleged separable controversy, the question of separability is to be determined by the manner in which the plaintiff has elected to state his cause of action, whether separately or jointly, and, for this purpose, the allegations of the complaint are controlling. *Morganton v. Hutton,* 187 N. C., 736.

2. That when the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the State court decide the question on the face of the record, taking, for this purpose, the allegations of the petition to be true. To warrant a removal in such case, however, the facts alleged in the petition must lead unerringly to the conclusion, or rightly engender and compel the conclusion, as a matter of law, aside from the deductions of the pleader, that the joinder is a fraudulent one in law and made without right. *Fore v. Tanning Co.,* 175 N. C., 584.

3. That, viewed in the light of the above principles, the record in the instant case fails to disclose a right of removal.

Reversed.