MUTUAL RESERVE FUND LIFE ASS'N et al. v. FARMER.

(Circuit Court of Appeals, Eighth Circuit. March 16, 1896.)

No. 692.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—FORMAL PARTIES—SURETY ON BOND.

The Arkansas statute requires insurance companies doing business in the state to give a bond to the state auditor, conditioned for the prompt payment of losses, and provides that, in suits to recover a loss accruing under a policy, the sureties may be made defendants, and final judgment rendered against them at the same time and in the same manner as against the company. Acts 1891, c. 36, as amended by Acts 1893, c. 91. *Held* that, in an action on such bond by a citizen of Arkansas against an insurance company of another state and a surety who is a citizen of Arkansas, the surety cannot be regarded as a merely formal party, and the action is therefore not removable to a federal court.

2. SAME—SEPARABLE CONTROVERSY.

In an action against a principal and his surety on a bond, note, or other obligation, there is no separable controversy, such as will entitle one of the defendants to remove the case when he and plaintiff are citizens of different states.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

U. M. Rose (James A. Gray, George Burnham, Jr., W. E. Hemingway, and G. B. Rose with him on brief), for plaintiffs in error.

J. B. Wood (J. P. Henderson with him on brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. Florence M. Farmer, a resident of the state of Arkansas, brought an action in the circuit court of Garland county, Ark., against the Mutual Reserve Fund Life Association (hereafter termed the "Life Association"), and against the Union Guaranty & Trust Company, the plaintiffs in error, for the purpose of compelling the defendants to pay to the said Florence M. Farmer a sum of money alleged to be due to her on account of the death of her husband, Lucien Farmer, whose life had been insured by the Mutual Reserve Fund Life Association. The Union Guaranty & Trust Company is a corporation created and existing under the laws of the state of Arkansas. The life association is a corporation of the state of New York. The latter company filed a petition and bond for removal, by which the case was removed to the circuit court of the United States for the Eastern district of Arkansas, where it was eventually tried, resulting in a verdict and judgment against both of the defendants in the sum of $10,933.33. The case comes to this court on a writ of error that was sued out by the defendants.

It will be unnecessary to consider any of the questions which were discussed on the argument and in the briefs of counsel, inasmuch as we have become satisfied by an inspection of the record that the suit was improperly removed from the state court, and that the circuit court of the United States for the Eastern district of Arkansas was without jurisdiction to hear and decide the case. This conclusion is based on the following grounds:

77 F.—59

An act passed by the general assembly of the state of Arkansas on March 6, 1891 (Acts Ark. 1891, c. 36), as amended by an act passed on March 24, 1893 (Acts Ark. 1893, c. 91), provided:

"That all fire, life and accident insurance companies * * * now or hereafter doing business in this state shall, in addition to the duties and requirements now prescribed by law, annually give a bond to the state of Arkansas with not less than three good and sufficient sureties, to be approved by the auditor of state, in the sum of twenty thousand dollars, conditioned for the prompt payment of all claims arising and accruing to any person during the term of said bond by virtue of any policy issued by any such company, individual or corporation upon the life or person of any citizen of the state, or upon any property situated in this state, and such bond shall be annually renewed. * * *"

Section 3 of the same act further provided:

"That in all actions against any fire, accident or life insurance company * * * for any claim accruing or arising upon or growing out of any policy issued by any such company, individual or corporation, the sureties on the bond required by this act and executed by any such company, individual or corporation, may be made parties defendant and final judgment rendered against them at the same time and in like manner as against the company, individual or corporation issuing the policy, and such judgment shall be enforced as judgments at law are now enforced."

As we construe the complaint, the plaintiff below sued upon a bond that was executed by the life association as principal, and by the Union Guaranty & Trust Company as surety, in compliance with the provisions of the foregoing statute. The complaint alleged, in substance, that Florence M. Farmer, the plaintiff, was a citizen of the state of Arkansas; that the life association was a corporation of the state of New York; that it had executed its bond as required by the laws of the state of Arkansas, with the Union Guaranty & Trust Company as its surety; that said bond was conditioned as required by law; that, after executing said bond, said life association issued a policy in the sum of $10,000 on the life of Lucien Farmer, who was the plaintiff's husband; that said Lucien Farmer had since died, while the policy was in full force and effect; and that, in consequence of such death, the life association had become obligated to pay to the plaintiff the full amount of said policy, which it had failed and refused to do. In view of the premises, the plaintiff prayed judgment in her favor, both as against the life association and its surety, the Union Guaranty & Trust Company, in the sum of $10,000, together with interest and costs. The bond which was referred to in the complaint was filed therewith as an exhibit. To the aforesaid complaint the defendant companies filed a joint answer, wherein they admitted the execution of the aforesaid bond in the manner and form alleged in the complaint. By way of defense to the suit, they further pleaded, in substance, that the plaintiff had no valid claim against the life association growing out of the issuance of the alleged policy on the life of Lucien Farmer, which could be enforced by a suit upon the bond, because the alleged policy was not delivered to the deceased in his lifetime; also, because the first premium due thereon had not been paid, and because the assured had made certain false representations in his application for said policy which rendered the same voidable.

In view of the provisions of the local law heretofore quoted, and in view of the allegations contained in the complaint which was filed in

the state court, it is apparent, we think, that the suit was founded upon the bond executed by the defendant companies, rather than upon the policy which was executed by the life association alone. The averments found in the complaint with reference to the policy were inserted therein, not for the purpose of stating a cause of action upon the policy, but for the obvious purpose of showing that there had been a breach of the obligation contained in the bond, whereby the defendants had jointly and severally bound themselves to promptly pay all claims arising and accruing to any persons by virtue of any policy of insurance thereafter issued by the life association.

Inasmuch, then, as the suit at bar was brought against both of the defendants to enforce as against both the provisions of the aforesaid bond, and inasmuch as one of the defendant companies was a corporation of the state of Arkansas, of which state the plaintiff was also a resident and citizen, it is evident that the case was not removable from the state court to the federal court, under any of the terms or provisions of section 2 of the judiciary act of March 3, 1887 (24 Stat. 553, c. 373), regulating removals.

In framing the petition for the removal of the case from the state court to the federal court, it seems to have been assumed and claimed by counsel for the life association, that the case was removable for two reasons: First, because the Union Guaranty & Trust Company was merely a "nominal or formal party"; and, second, because there was a separable controversy, which was wholly between citizens of different states, to wit, a controversy between the plaintiff, on the one hand, and the life association, on the other, who were citizens of different states. But neither of these views can be sustained. In an action to enforce a bond, note, or other contract, which is brought against the principal therein and his surety, it cannot be said that the surety is merely a "nominal or formal party." The obligation assumed by the surety in such cases is coextensive with that of the principal debtor, and if the plaintiff sees fit to sue the surety, together with the principal, in a suit brought to enforce the obligation, the presence of the surety upon the record cannot be ignored, in an application made to remove the case to the federal court, on the theory that the surety is merely a nominal party. This proposition is too self-evident to admit of further discussion.

The proposition is equally untenable that an action brought against a principal and his surety on a bond, note, or other obligation involves a separable controversy, such as will entitle one of the defendants to remove the case to the federal court if he and the plaintiff happen to be citizens of different states. In such cases the cause of action is single and indivisible, even though there are numerous defendants, and even though each defendant interposes a different defense. When there is but a single cause of action stated in the complaint or declaration, different defenses interposed by different defendants do not create separable controversies, within the meaning of the removal act. And this doctrine holds good whether the action sounds in contract or in tort. A suit cannot be removed on the ground of a separable controversy, unless the complaint discloses two or more causes of action, one of which is wholly between citizens of different states.

These are fundamental rules that have been established by repeated adjudications. Barth v. Coler, 19 U. S. App. 646, 9 C. C. A. 81, and 60 Fed. 466; Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371; Barney v. Latham, 103 U. S. 205; Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171; Hyde v. Ruble, 104 U. S. 407; Corbin v. Van Brunt, 105 U. S. 576; Ayres v. Wiswall, 112 U S. 187, 190, 5 Sup. Ct. 90; Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161.

It follows, therefore, that the suit brought against the defendant companies for the alleged breach of the condition of the bond which they had jointly executed for the protection of the policy holders of the life association was not removable to the circuit court of the United States for the Eastern district of Arkansas, under the separable controversy clause of the removal act, because the complaint which was filed in said suit stated but a single cause of action. It is true that the plaintiff below was not compelled to sue both of the defendant companies. She might have maintained an action against the life association alone, without joining the surety company as a co-defendant. But the fact that she might have maintained an action against either one of the defendants, and that she was not bound to sue both, does not show that there was a separable controversy, within the purview of the removal act. The existence or nonexistence of a separable controversy must in every case be tested by the inquiry whether the declaration or complaint discloses more than one cause of action. Telegraph Co. v. Brown, 32 Fed. 337.

The jurisdictional question on which the decision of the case hinges was not raised by counsel in this court nor in the circuit court, but, as we have frequently had occasion to remark, it is made our imperative duty, as well as the duty of all other federal courts, to notice a defect of jurisdiction plainly apparent upon the face of the record, and to remand a case to the state court when the record discloses no ground for its removal. 18 Stat. 470, c. 137, § 5. The judgment of the circuit court is accordingly reversed, at the cost of the plaintiffs in error, and the case is remanded to that court, with directions to remand the same to the circuit court of Garland county, Ark., from whence it was removed.