MATILDA HOUGH, admrx., v. SOUTHERN RAILWAY
COMPANY et al.

(Filed 27 May, 1907).

1. **Railroads — Torts — Separable Controversy — Removal of Cause.**
At common law and under Revisal, sec. 469, an action in tort
against several defendants is joint or several according to the
declaration of the complaint, and the plaintiff's election deter-
mines the character of the tort, whether joint or several; the
complaint in a suit against a foreign railroad company and its
resident train dispatcher and telegraph operators, alleging that
the plaintiff's intestate was killed by the negligence of the de-
fendants, caused by the collision and wreck of two trains owned
and operated by the railroad company, does not state a separable
controversy and cannot be removed to the Federal Court on the
ground of diverse citizenship.

2. **Same—Fraudulent Joinder of Parties—Record.**—The mere allega-
tion in the petition of the foreign defendant that the joinder of
the resident with the foreign defendant was a device of the plain-
tiff for the fraudulent purpose of defeating the defendant's right
of removal is insufficient. To remove the cause, the defendant
must not only allege but prove that there was a wrongful joinder
of defendants for the purpose of preventing the removal, and the
question of the insolvency of the resident defendants cannot
alone determine the right of the plaintiff to join them in the
action.

3. **Same—Record.**—The question of separable controversy is alone
determined by the record at the time of filing the petition.

MOTION for removal of cause to the Federal Court, heard
by *Cook, J.,* at the February Term, 1907, of the Superior
Court of BUNCOMBE County.

This action was brought to recover damages for the death
of plaintiff's intestate, which is alleged to have been caused
by the negligence of the defendants. The intestate was
killed in a wreck resulting from the collision of two trains
which were moving in opposite directions on the road of the
railway company. The plaintiff alleges in her complaint
that at the time of the collision the defendant W. C. Hudson

was train dispatcher, the defendant L. D. Flack was telegraph operator and station agent at Swannanoa, and the defendant O. T. Hallman was telegraph operator and station agent at Black Mountain, all of them being in the employ of their co-defendant, the Southern Railway Company, and that the plaintiff's intestate was at the same time the conductor of one of the colliding trains which was proceeding from Asheville to Salisbury, and in the proper discharge of his duties as such. The railroad at the time of the collision was being operated by the defendant corporation. The plaintiff further alleges, in section 4 of her complaint, as follows:

"On 18 February, 1906, the said W. R. Hough, the plaintiff's intestate, was killed by the negligence of the defendants; the said negligent killing of plaintiff's intestate was in and caused by the collision and wreck of two trains owned and operated by the defendant railway company between Swannanoa station and the town of Black Mountain; and the said collision, wreck and killing was caused by the negligence of the defendants and their negligent failure to perform and discharge the duties which they owed to plaintiff's intestate. By the negligent killing of the plaintiff's intestate, as herein set forth, the plaintiff has been damaged in the sum of fifty thousand dollars," for which sum she prayed judgment.

The defendants, the Southern Railway Company and W. C. Hudson, jointly answered the complaint and admitted the truth of all its allegations except those contained in the fourth section thereof and except, also, the allegation that the plaintiff, at the time he was killed, was in the proper discharge of his duty as conductor of the train from Asheville to Salisbury, and these were denied. The qualification of the plaintiff as administratrix of the intestate is also alleged and admitted. The defendants specially averred in their answer, as a defense to the action, that the intestate's death

was caused by his own negligence, in that he disobeyed a written order delivered to him when he left Asheville and by which he was notified that the train proceeding from Salisbury to Asheville was running two hours and forty minutes late. That it then became his duty under the known rules and regulations of the company to take the siding at Swannanoa station with his train and wait for the other train to pass. Instead of doing so, he negligently undertook to run his train beyond Swannanoa to Black Mountain and met the other train between the two stations, where the collision occurred.

The complaint was filed on 11 December, 1906, and the answer on 23 February, 1907. Between the two dates—that is, on 21 February, 1907—the defendant, the Southern Railway Company, filed a petition in the State Court for the removal of the cause to the United States Court, alleging diverse citizenship between the railway company and the plaintiff and making the necessary formal allegation as to the amount in controversy. It is then alleged in the petition that the petitioner operates one of the largest railway systems in this country and is amply solvent and able to pay any judgment the plaintiff may recover in this action, and that W. C. Hudson and the other defendants are insolvent and unable to pay any amount. The petitioner further alleges as follows: "That it is advised, informed and verily believes that the plaintiff wrongfully and unlawfully joined with the petitioner the said W. C. Hudson, L. D. Flack and O. T. Hallman as sham defendants for the fraudulent purpose of preventing the removal of this suit by your petitioner, the real defendant, to the Federal Court; that the said defendants W. C. Hudson, L. D. Flack and O. T. Hallman were in no wise connected with or responsible for the collision in which the plaintiff's intestate lost his life; that in no view of this suit are the said W. C. Hudson, L. D. Flack and O. T.

Hallman more than mere nominal or formal parties joined
with your petitioner for no other purpose on the part of the
plaintiff than to deprive your petitioner of its legal right of
removal herein.  That no substantial relief could possibly be
obtained against the said defendants W. C. Hudson, L. D.
Flack and O. T. Hallman, and that they are neither proper
nor necessary parties to a complete and final determination
of this action.  If said W. C. Hudson, L. D. Flack and O. T.
Hallman are proper and necessary defendants in this suit,
which is expressly denied, the said controversy is of a sepa-
rable nature and is a separable controversy, as appears from
the complaint filed herein."

The petitioner, the Southern Railway Company, duly
executed, tendered and filed a proper bond with the petition,
which was approved by the Judge, who ordered that the
action be removed according to the prayer of the petitioner.
To this order the plaintiff excepted and appealed to this
Court.

Craig, Martin & Winston for plaintiff.
Moore & Rollins for defendant.

WALKER, J., after stating the case:  This is an action in
tort for causing the death of the plaintiff's intestate by negli-
gence.  The defendant, the Southern Railway Company, was
the master and its co-defendants servants of that corporation,
and it is alleged that as such they owed a duty to the intes-
tate which they disregarded and neglected, and that their
joint omission of that duty proximately resulted in his death,
whereas if they had, while acting in co-operation and in a
careful manner, as they should have done, in the discharge
of the duty, each bestowing upon it that degree of care re-
quired of and due from him or it, the injury and death would
not have occurred.  This is the substance of the cause of
action, which, being for a tort, may be made joint by uniting

all the tort feasors as defendants in one action, or several by suing each in a separate action. The plaintiff, or party aggrieved by the wrong, may make it joint or several, at his election, and it is not open to the wrongdoer to complain of the election so made or to dictate how he shall make his choice. If the injured party chooses to sue the wrongdoers jointly he thereby declares that the tort shall be joint, and the law so regards it, without listening to or even hearing from the wrongdoer. And so it is when he sues them separately. His election finally determines what shall be the character of the tort, whether joint or several. This principle has controlled the courts in deciding upon applications for the removal of causes from the State to the Federal courts whenever it becomes necessary to inquire whether a separable controversy is presented as between the plaintiff and the non-resident defendant, or opposite party of diverse citizenship. It has been well expressed by *Mr. Justice Gray* in *Torrence v. Shedd,* 144 U. S., 527: "As this Court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleading." Citing *Railroad v. Ide,* 114 U. S., 52; *Pirie v. Tvedt,* 115 U. S., 41; *Sloane v. Anderson,* 117 U. S., 275; *Little v. Giles,* 118 U. S., 596; *Thorne Wire Hedge Co. v. Fuller,* 122 U. S., 535.

A case much like this, and certainly sufficiently like it in principle to control its decision, is *Pirie v. Tvedt,* 115 U. S., 41, in which the plaintiff sued the defendants for malicious prosecution, and one of the latter sought to remove the case as to him to the Federal Court. In respect to his right to do so the Court said: "There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of the defendants only does not divide a joint action in tort into separate parts, any more than it does a joint action on contract." *National Docks Railway Co. v. Pennsylvania Railroad Co.,* 52 N. J. Eq., 58; *W. U. Telegraph Co. v. Griffith,* 104 Ga., 56. The principle thus stated was held, in *Railroad v. Ide,* 114 U. S., 52, to apply where railway companies made joint contracts for the transportation of goods. With reference to the provision of the removal acts that "there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them," the Court further said in that case, speaking of the count in the declaration on the joint contract: "On the one side of the controversy upon that cause of action is the plaintiff, and on the other all the defendants." So, where an employee sued his employer for injuries in tort and joined a cause of action in contract against his co-defendant, an accident insurance company, upon a policy issued to indemnify the employer against loss by injuries to his employees, it was held that the insurance company had no separable controversy with the plaintiff so as to authorize a removal of the case as to it. *Moore v. Iron and Steel*

*Co.,* 89 Fed., 73.   See, also, *Insurance Co. v. Carrier,* 91
Tenn., 537; *Fidelity Co. v. Huntington,* 117 U. S., 280;
*Putnam v. Ingraham,* 114 U. S., 57.   Moon, in his work on
the Removal of Causes, sec. 142, thus summarizes the result
of the decisions: "There are many causes of action which
are, in their nature, joint and several.   A plaintiff may sue
all the parties liable, or sue any one or more of them, at his
election.   Where the plaintiff has a right under the law to
sue defendants jointly, the defendants cannot obtain an ad-
vantage from the fact that he also has a right to sue them
separately.   If a plaintiff sues two or more persons jointly
in such a case, the fact that the plaintiff might have brought
several actions against each defendant instead of one action
against them all does not make the suit embrace separable
controversies.   This rule applies to actions upon joint and
several contracts.   It applies as well to actions in tort, which
are, in their nature, joint and several.   Where a plaintiff
brings a suit, the declaration in form charging a joint tort
against two or more defendants, it is not sufficient to make
the controversy between plaintiff and one defendant separa-
ble that the complaint does not state facts sufficient to con-
stitute a cause of action against him.   The sufficiency of the
complaint as to the various defendants is a matter for the
determination of the State Court.   The fact that there may
be, under the local practice, a judgment rendered for one
defendant and against another upon the trial does not affect
the question whether a case contains a separable controversy."
But the case of *Railway Co. v. Dixon,* 179 U. S., 131, is pre-
cisely like our case in its facts, with but one slight and im-
material exception.   There the plaintiff's intestate was killed
while crossing the track of the defendant corporation at the
junction of that and another track, and the action was
brought against the railway company and its employees who
were operating the train to recover damages for their joint

negligence, which was alleged to have caused the intestate's death. That case and ours are therefore practically identical and governed by the same principle. It was there held, following prior decisions, that in an action of tort the cause of action is whatever the plaintiff declares it to be in his pleading, and matters of defense do not necessarily have the effect of dividing or disintegrating it into separate controversies, so as to be availed of as ground of removal by a non-resident defendant, and that, when concurrent negligence is charged, the controversy is joint and not separable; and as the complaint in the case, when reasonably construed, alleged that kind of negligence, the State Court did not err in retaining jurisdiction when passing upon an application for removal, as no separable controversy as to the applicant, within the meaning of the act of Congress, was presented. It is too obviously true to require any argument to demonstrate it that the mere fact of the employees in the case just cited, being engineer and fireman, and in this suit the train dispatcher, cannot differentiate the two cases. It was further said, in *Railway v. Dixon,* that "in respect of the removal of actions of tort on the ground of a separable controversy, certain matters must be regarded as not open to dispute," and the rule we have stated is then held to be among them. The two cases are further alike, in that a fraudulent joinder of defendants for the purpose and with the motive of preventing a removal to the Federal Court is alleged in the petitions for removal in both cases, and in the *Dixon case* held insufficient without proof. The case of *Powers v. Railway,* 169 U. S., 92, is cited by the Court to sustain its position in the *Dixon case,* and there the subject is fully discussed and the conclusion reached that an action in tort is joint or several, as the pleader may choose to make it, unless the defendants were sued jointly as a device and with a fraudulent purpose of defeating the right of removal, when in

fact no cause of action existed against the resident, and the assertion of his liability to the plaintiff is a mere sham or pretense. But this must be alleged and proved by the defendant in his petition for the removal of the cause. *Railroad v. Wangalin,* 132 U. S., 599. See, also, *Sloane v. Anderson,* 117 U. S., 275; *Little v. Giles,* 118 U. S., 596; *Connell v. Smiley,* 156 U. S., 335; *Railway v. Martin,* 178 U. S., 245; *Wilson v. Oswego Township,* 151 U. S., 56; *Bellaire v. Railway Co.,* 146 U. S., 117; *Life Association v. Farmer,* 77 Fed., 929; *Thurber v. Miller,* 67 Fed., 371. There was no proof of fraud in this case. The defendant, who petitioned for a removal, simply controverts the allegations of the complaint, for that is what the petition means, and all that it means. Its vituperative expressions prove nothing. Calling an act fraudulent does not make it so. It must be alleged and proved in what the fraud consists. We have practically nothing before us but the joinder and the bare allegations of fraud. That will not do.

Another principle equally well settled in the law of removal is that the question of separable controversy must be determined by the state of the record in the State Court at the time of filing the petition, independently of the allegations in the latter or in the affidavit of the petitioner, unless he both alleges *and proves* that the defendants were wrongfully made joint defendants for the purpose of preventing a removal of the cause. *Railroad Co. v. Wangalin,* 132 U. S., 599; *Railway v. Dixon,* 179 U. S., 131; *Wilson v. Oswego Township,* 151 U. S., 56; *M. C. P. and S. Association v. Insurance Co.,* 151 U. S., 368; Moon on Removals, sec. 141. The complaint in this case states a cause of action for a joint tort, and, although the plaintiff might have elected to sue the defendants separately, they also are liable to him jointly and may be held answerable for their wrong in one and the same action. This was so at the common law. *Railway v. Dixon,*

179 U. S., 137; *Solomon v. Bates,* 118 N. C., 311; *Alpha
Mills v. Engine Co.,* 116 N. C., 797; *Cook v. Smith,* 119
N. C., 350; 15 Enc. of Pl. and Pr., 560, and note; *Staton v.
Railroad,* at this term. They can certainly be joined as de-
fendants under The Code of this State. Clark's Code (3
Ed.), sec. 267 (2) and (3), and notes; Revisal, sec. 469.
This being so, where two defendants are sued together and
the plaintiff demands judgment against both, the Court can-
not assume that either one of them is the real party against
whom the plaintiff intends to prosecute his action and that
the other has been joined merely for the fraudulent purpose
of depriving the real defendant of his right of removal. In
order to sustain the jurisdiction of the Federal Court on that
ground, it is necessary for the removing defendant to allege
and prove such fraudulent purpose. *Doremus v. Root,* 94
Fed. Rep., 760. It was said by the Court in *Railroad v.
Wangalin, supra,* citing and quoting from *Plymouth Co. v.
Amador Co.,* 118 U. S., 264: "It is possible, also, that the
company may be guilty and the other defendants not guilty;
but the plaintiff in its complaint says they are all guilty, and
that presents the cause of action to be tried. Each party
defends for himself, but until his defense is made out the
case stands against him, and the rights of all must be gov-
erned accordingly. Under these circumstances, the aver-
ments in the petition that the defendants were wrongfully
made (parties) to avoid a removal can be of no avail in the
Circuit Court upon a motion to remand until they are proven;
and that, so far as the present record discloses, was not
attempted. The affirmative of this issue was on the petition-
ing defendant. The corporation was the moving party and
was bound to make out its case." And in *Little v. Giles,*
118 U. S., at p. 600, the Court says: "Giles (the petitioner)
could not, by merely making contrary averments in his peti-
tion for removal and setting up a case inconsistent with the

allegations of the bill, segregate himself from the other defendants, and thus entitle himself to remove the case into the United States Court. This matter has been fully considered in numerous cases." *Railroad Co. v. Ide,* 114 U. S., 52; *Farmington v. Pillsbury,* 114 U. S., 138; *Pirie v. Tvedt,* 115 U. S., 41; *Crump v. Thurber,* 115 U. S., 56; *Starin v. New York,* 115 U. S., 248; *Sloane v. Anderson,* 117 U. S., 278; *Insurance Co. v. Huntington,* 117 U. S., 280; *Core v. Vinal,* 117 U. S., 347; *Mining Co. v. Canal Co.,* 118 U. S., 264.

It is not material that, as alleged in the petition for removal, W. C. Hudson was joined as a party defendant for the single purpose of preventing a removal of the case by the Southern Railway Company to the Federal Court, nor is it a matter of any moment what the plaintiff's motive was for bringing a joint action against the defendants, unless they were wrongfully and illegally joined. *Tobacco Co. v. Tobacco Co.,* at this term (57 S. E., 5). When a party is in the lawful assertion of a right in bringing an action, either as to form or substance, the law disregards his motive as unimportant and having no practical bearing upon the question of his right to proceed in the prosecution of the suit as he has elected to do. Black's Dillon on Removal, sec. 146. A plaintiff cannot well be right and wrong at the same time in proceeding by action to recover damages against those who have injured him. Testing the right of removal by the case as made in the present record, as it stood at the time of the application, and even including the petition as a part thereof, we see no ground upon which it can be urged that the defendant, the Southern Railway Company, has entitled itself to have the case transferred and tried in the Federal Court. The record proper clearly does not disclose any such right, and the petitioner has neither sufficiently alleged nor attempted to prove that the defendants were improperly joined

in the action. *Railway v. Dixon,* 47 S. W., 615 (affirmed in same case, 179 U. S., 131). There must of necessity be such allegation and proof. *Offner v. Railroad,* 148 Fed., 201.

The questions we have discussed have recently been fully considered, and the principles upon which we rest our decision of this case sustained in *Railway v. Thompson,* 200 U. S., 206. That case disposes of all matters raised on this record adversely to the petitioner's contention. The latter makes the broad and sweeping charge in the petition that its co-defendants were fraudulently made parties for the purpose of depriving it of the right to have the cause removed, but it assigns no good or valid reason why this is so. No proof is offered and no fact found indicating that to have been the purpose of the plaintiff. The only ground of attack stated is that the co-defendants are insolvent and for that reason the plaintiff had no right to join them. Mere insolvency of a defendant cannot be permitted alone to determine the right of a plaintiff to join him in the action if he is liable for the tort. Insolvency does not destroy the remedy, but can only affect the ability of the plaintiff, who has a good cause of action and reduces it to judgment, to obtain the fruits of his recovery. A cause of action unquestionably valid may be prosecuted in perfect good faith against an insolvent person. The test is not the amount that may eventually be realized upon a recovery, but the nature of the cause of action itself, as being one good or not good in law against the co-defendant alleged to have been wrongfully united with the petitioner, and the good faith of the plaintiff in making the joinder. As said by *Chief Justice Fuller* in *Railway Co. v. Dixon,* 179 U. S., at p. 135: "The question to be determined is whether the Court of Appeals erred in affirming the action of the (State) Circuit Court in denying the application to remove. And that depends on whether a separable contro-

versy appeared on the face of plaintiff's petition or declara-
tion. If the liability of defendants, as set forth in that
pleading, was joint, and the cause of action entire, then the
controversy was not separable as matter of law, and plain-
tiff's purpose in joining Chalkey and Sidles was immaterial.
The petition for removal did not charge fraud in that regard
or set up any facts and circumstances indicative thereof, and
plaintiff's motive in the performance of a lawful act was not
open to inquiry." There are no facts showing any fraud
alleged in this case. Allegation, itself insufficient and un-
supported by proof, it has been shown, cannot avail the peti-
tioner. *Tobacco Co. v. Tobacco Co.,* at this term (55 S.
E., 5).

While the averments of the complaint are not as specific or
definite as good pleading requires that they should be, they
are good under our law, in the absence of any motion to make
them more definite and certain, or of a demurrer to the form
of the pleading, and the complaint, as it is, sufficiently states
a cause of action for a joint tort against all of the defendants.
By not moving for a more definite statement, or by not de-
murring, the railway company waived any defect in the
pleading. Revisal, secs. 496 and 498; *Wood v. Kincaid,* at
this term. The defendant corporation did not ask that the
complaint be made more specific in respect to the allegations
of negligence, nor has it demurred; but, on the contrary, it
has filed a joint answer with Hudson, denying the negligence
as to both defendants. This denial in the answer, and the
one to the same effect in the petition, cannot affect the ques-
tion as to the separability of the controversy. *Slalon v. Rail-
way,* at this term (56 S. E., 794). In the case last cited and
in *Tobacco Co. v. Tobacco Co., supra,* some of the questions
involved in this case are fully and learnedly discussed by
*Justice Connor.*

There is nothing decided in *Wicker v. National E. and S.
Co.,* 27 Sup. Ct. Rep., 184, that militates against the views

herein expressed. Uncontradicted evidence was considered in that case, without objection, in the Federal Court on a motion to remand, and the fact was actually found that the co-defendant of the petitioner was in no way liable to the plaintiff, having had no connection whatever with the alleged negligence, and it was further found as a fact that the plaintiff had not joined the co-defendant of the petitioner with the latter in good faith, but for the sole purpose of preventing a removal of the suit. It is thus distinguishable from the other cases we have cited in support of our ruling.

Our conclusion is that the Court below erred in ordering a removal of the case to the United States Circuit Court. Its order is therefore reversed and set aside, with directions to enter an order denying the prayer of the petition.

Reversed.