BUCHANAN v. W. M. RITTER LUMBER CO. et al.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1913.)

No. 1159.

1. REMOVAL OF CAUSES (§ 49*)—REMOVAL BY ONE OF TWO DEFENDANTS—JOINT CAUSE OF ACTION.

If a complaint states a joint cause of action against two defendants, the motive which prompted the joinder is immaterial on the question whether the cause is removable by one of the defendants.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

2. REMOVAL OF CAUSES (§ 49*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

A railroad company and the engineer of one of its trains may be sued jointly for an injury alleged to have been caused by the negligence of the engineer in the operation of the train; and the company cannot remove the cause from the state court, as involving a separable controversy, where its codefendant and plaintiff are citizens of the same state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; James E. Boyd, Judge.

Action at law by D. L. Buchanan, administrator of Richard Buchanan, deceased, against the W. M. Ritter Lumber Company and Joe Effler. Judgment for defendants, and plaintiff brings error. Reversed.

J. W. Pless, of Marion, N. C. (John C. McBee, of Bakersville, N. C., on the brief), for plaintiff in error.

Landon C. Bell, of Columbus, Ohio (James H. Merrimon, of Asheville, N. C., on the brief), for defendants in error.

Before PRITCHARD, Circuit Judge, and CONNOR, District Judge.

CONNOR, District Judge. This action is prosecuted by plaintiff, as administrator of Richard Buchanan, deceased, for the recovery of $30,000, damages alleged to have been sustained on account of the death of his intestate caused by the negligence of the defendants. The action was brought in the superior court of McDowell county, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the petition of defendant lumber company, a citizen and inhabitant of the state of West Virginia, removed into the District Court of the United States for the Western District of North Carolina. Plaintiff and defendant Joe Effler are citizens and residents of the state of North Carolina. Plaintiff, in apt time, lodged a motion to remand the case to the state court. The motion was resisted by defendant lumber company upon the contention that the complaint set out separate causes of action against defendants, upon each of which defendants would rely upon different defenses supported by different evidence; that their liability was dependent upon different principles of law, etc. Defendant further alleged that its codefendant was insolvent and that their joinder was for the purpose of preventing the removal by the nonresident defendant into the federal court. The motion to remand was refused; the court assigning no reason therefor, nor finding any facts. Plaintiff saved his exception, and, after a trial upon the issues, resulting in a verdict for defendants, directed by the court, sued out this writ of error, assigning as error the refusal of the court to grant his motion to remand.

[1, 2] The record contains other assignments of error which, in the view which we take of the record, need not be discussed. It will be taken that the refusal to remand was based upon the opinion of the court below that the complaint stated separate causes of action against each defendant. It was so argued in this court. It is well settled that, if the complaint states a joint cause of action against both defendants, the motive which prompted the joinder is immaterial. The exercise of a legal right cannot be said to constitute a fraud upon the jurisdiction of the court.

The decision in Alabama G. S. Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147, is in point and decisive of the question presented upon this record. The questions there certified to the Supreme Court were:

(1) May a railroad company be jointly sued with two of its servants, one the conductor and the engineer of one of its trains, when it is sought to make the corporation liable only by reason of the negligent act of its said conductor and engineer in the operation of a train under their management and control, and solely upon the ground of the responsibility of a principal for the act of his servant, though not personally present or directing and not charged with any concurrent act of negligence?

(2) Is such a suit removable by the corporation, as a separate controversy, when the amount involved exceeds $2,000, etc., and the requisite diversity of citizenship exists between the said company and the plaintiff; the citizenship of the individual defendants, sued with the company as joint tort-feasors being identical with that of the plaintiff?

The court, after a review of the authorities, answers the first question in the affirmative and the second in the negative. The sole question, therefore, to be answered in this case, is whether the complaint sets out a case coming within the terms of the first question quoted above. It must be conceded that the complaint falls far short of com-

pliance with the rule of pleading prescribed by the Code of Procedure of North Carolina, which directs that it contain:

"A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." Revisal, § 467.

The plaintiff either had a confused idea in his own mind as to what facts constituted the basis of his complaint against the defendants, or, as is too frequent, failed to draw the distinction between "facts constituting the cause of action" and "evidentiary facts." The latter should never be found in a pleading. It is difficult, in this case, to separate the two and ascertain the theory upon which the complaint is drawn. It appears, however, eliminating mere evidential averments, that while plaintiff's intestate was in the discharge of his duty as an employé of defendant Ritter Lumber Company, a common carrier operating a railroad for the carriage of freight and passengers for hire, he was riding upon the platform step on the engine of the defendant, where he was accustomed and required to ride, he was knocked from his position by a limb from a tree which had been by the company carelessly permitted to be placed near the track, and so injured that he died.

"That the said obstruction was in plain view of the operatives and engineer, Joe Effler, on said train, was known by him to be in the position in which it was, at the time of said injury, and was also in his plain view while approaching the same, and the same could and should have been seen by the said Joe Effler if he had been properly performing his duty, as he was required to do, in time to have stopped his engine and prevented the injury, and by reason of the said failure to keep a proper lookout, and to stop his engine, the plaintiff was struck by the said obstruction, or the said obstruction caused the said intestate to be knocked or thrown from his said position, where he fell beneath the wheels thereof, when he was finally so injured by the wheels of the engine that he died."

This, or equivalent language, with increasing intensity, is repeated in six allegations, without stating any different cause of action. The complaint does not profess to set out more than one cause of action. It concludes with the seventh allegation:

"That by reason of the negligence and carelessness of the two defendants as alleged, the plaintiff has been damaged and defendants are indebted to plaintiff in the sum of thirty thousand dollars."

It is manifest that the breach of duty, which plaintiff alleges as the proximate cause of the death of his intestate, is the failure of defendant Joe Effler to stop the train when he saw, or, by keeping a proper lookout, could have seen, the limb or piece of tree extending over the track. The physical conditions which he describes could not have resulted in the death of his intestate, except for the alleged negligence of the defendant Effler. This is the negligent act of the engineer in the operation of the defendant company's engine, and is the sole ground upon which its responsibility for the death of the intestate is based, and for this negligent act both the employer and employé are liable and may be sued jointly. They may have been sued separately, but the plaintiff had his election to sue them jointly. Mr. Chief Justice Fuller, in Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, says:

"It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy  *  *  *  is a separate one; for, as the court has often said, 'A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673."

As to whether, upon an alleged state of facts, the wrong complained of is joint or several, the federal court will follow the decision of the court of the state in which the cause of action accrued. Dixon's Case, supra. That a railroad company and its employés are jointly liable, and may be sued jointly for an injury sustained by reason of the negligent operation of the engine, is well settled as the law of this state by the Supreme Court of North Carolina. Mr. Justice Walker in Hough v. Railroad, 144 N. C. 692, 57 S. E. 469, says:

"The defendant the Southern Railway Company was the master, and its co-defendants servants of that corporation, and it is alleged that as such they owed a duty to the intestate which they disregarded and neglected, and that their joint omission of that duty proximately resulted in his death.  *  *  * This is the substance of the cause of action, which, being for a tort, may be made joint by uniting all the tort-feasors as defendants in one action, or several by suing each in a separate action. The plaintiff, or party aggrieved by the wrong, may make it joint or several, at his election, and it is not open to the wrongdoer to complain of the election so made, or dictate how he shall make his choice."

That this is the doctrine of both state and federal courts is shown in the cases cited by Judge Walker. That the parties construed the complaint in this case as stating a joint cause of action is indicated by the form of the issue submitted on the trial. It was directed to the question "of the negligence and carelessness of the defendants as alleged in the fourth paragraph of the plaintiff's complaint." It is in the fourth paragraph that the real cause of action is set out. The remaining parts of the complaint might well be eliminated as surplusage, calculated to confuse the real issue.

There was error in refusing the motion to remand the case to the state court. This cause will be remanded, to the end that further proceedings may be had in accordance with this opinion.

Reversed.