W. H. FORE v. SYLVA TANNING COMPANY ET AL.

(Filed 28 May, 1918.)

**1. Removal of Causes—Courts—Jurisdiction.**

When a verified petition for removal of a cause from the State to the Federal Court, accompanied by a proper bond, has been aptly and duly filed in the former court, with averment of facts sufficient to require a removal under the law, the jurisdiction of the State court is at an end, without authority to pass upon or decide the issues of fact so raised, but only to consider and determine the sufficiency of the petition and the bond.

**2. Same—Diversity of Citizenship—Joinder—Petition—Sufficiency.**

Where a plaintiff has sued a resident and nonresident defendant for a joint wrong, the cause of action, as a legal proposition, must be taken and construed as the complaint presents it, and, in such cases, on motion to remove the cause to the Federal court, by reason of the alleged fraudulent joinder of the resident defendant, the right to removal does not arise from general allegation of bad faith or fraud on the part of plaintiff, however positive, but the relevant facts and circumstances must be

stated with such fullness and detail and be of such kind as to clearly demonstrate or compel the conclusion that a fraudulent joinder has been made.

### 3. Same—Corporations—Resident Employees.

The plaintiff joined a nonresident defendant corporation, its resident general manager and other employees, in his action as parties defendant to recover damages for a personal injury, and alleged with particularity that the negligent act complained of arose from the dangerous condition of the track under the supervision and control of the general manager, on which, through the negligent running of its train by another employee, a car had been derailed and thrown against a brick building within which he was engaged in the course of his duties to the nonresident corporation, causing the wall of the building to fall, to his injury: *Held*, a petition to remove the cause to the Federal court for the fraudulent misjoinder of the resident defendants with only general averments of their fraudulent joinder in the action, is insufficient to raise the issues of fact, and the cause is properly retained in the State court. *Rea v. Mirror Co.*, 158 N. C., 24, cited and distinguished.

ACTION, heard on motion to remove the cause into the Federal courts by reason of alleged fraudulent joinder of resident defendants, before *Shaw, J.,* at October Term, 1917, of JACKSON.

There was judgment in denial of the motion and defendant company excepted and appealed.

*Walter E. Moore and Alley & Leatherwood for plaintiff.*
*C. C. Cowan for defendant.*

HOKE, J. We have held, in numerous cases on this subject, that when a plaintiff has sued resident and nonresident defendants for a joint wrong, the cause of action, as a legal proposition, must be taken and construed as the complaint presents it and, in such cases, on motion to remove the cause to the Federal court by reason of the alleged fraudulent joinder of the resident defendants, the right to removal does not arise from general allegations of bad faith or fraud on the part of the plaintiff, however positive, but the relevant facts and circumstances must be stated with such fullness and detail and be of such kind as to clearly demonstrate, "compel the conclusion" that a fraudulent joinder has been made. *Hollifield v. Telephone Co.,* 172 N. C., 714; *Cogdell v. Clayton,* 170 N. C., 526; *Pruitt v. Power Co.,* 165 N. C., 416; *Smith v. Quarries Co.,* 164 N. C., 338-35; *Lloyd v. R. R.,* 162 N. C., 485; *Rea v. Mirror Co.,* 158 N. C., 24; *Hough v. R. R.,* 144 N. C., 692.

In *Hollifield v. Telephone Co., supra,* it was held: "Where a nonresident defendant seeks to remove a cause to the Federal court upon the ground of diversity of citizenship, and alleges in his petition that a resident defendant was fraudulently therein joined to prevent the removal,

before the State court is under any duty or obligation to surrender its jurisdiction there must be specific allegation of the facts constituting the alleged illegal or fraudulent joinder, and it is not sufficient to charge generally or by indefinite averment that the joinder is or was intended to be in fraud of the nonresident defendant's rights."

And like ruling was made in *Smith v. Quarries Co.* and *Lloyd v. R. R., supra.* Speaking to the subject in the last cited decision, the Court said: "On this question the authorities are to the effect that when viewed as a legal proposition the plaintiff is entitled to have his cause of action considered as he has presented it in his complaint (*R. R. v. Miller,* 217 U. S., 209; *R. R. v. Thompson,* 200 U. S., 206; *Dougherty v. R. R.,* 126 Fed., 239), and while a case may in proper instances be removed on the ground of false and fraudulent allegation of jurisdictional facts, the right does not exist nor is the question raised by general allegation of bad faith, but only when, in addition to the positive allegation of fraud, there is full and direct statement of the facts and circumstances of the transaction sufficient, if true, to demonstrate "that the adverse party is making a fraudulent attempt to impose upon the court and so deprive the applicant of his right of removal." *Rea v. Mirror Co.,* 158 N. C., 24-27, and authorities cited, notably *Kansas City R. R. v. Herman,* 187 U. S., 63; *Foster v. Gas and Electric Co.,* 185 Fed., 979; *Shane v. Electric Ry.,* 150 Fed., 801; *Knutts v. Electric Ry.,* 148 Fed., 73; *Thomas v. Great Northern,* 147 Fed., 83; *Hough v. R. R.,* 144 N. C., 701; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352; *Ill. R. R. v. Hutchins,* 121 Ky., 526; *Sou. R. R. v. Gruzzle,* 124 Ga., 735.

"True, it is now uniformly held that when a verified petition for removal is filed, accompanied by a proper bond, and same contains facts sufficient to require a removal under the law, the jurisdiction of the State court is at an end. And in such case it is not for the State court to pass upon or decide the issues of fact so raised, but it may only consider and determine the sufficiency of the petition and the bond. *Herrick v. R. R.,* 158 N. C., 307; *Chesapeake v. McCabe,* 213 U. S., 207; *Wecker v. Natural Enameling Co.,* 204 U. S., 176, etc. But this position obtains only as to such issues of fact as control and determine the right of removal, and on an application for removal by reason of fraudulent joinder, such an issue is not presented by merely stating the facts of the occurrence showing a right to remove, even though accompanied by general averment of fraud or bad faith, but, as heretofore stated, there must be full and direct statement of facts, sufficient, if true, to establish or demonstrate the fraudulent purpose. *Hough v. R. R.,* 144 N. C., 692; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352; *Shane v. Ry.,* 150 Fed., 801."

And, as showing that we have correctly interpreted the decisions of the Federal Courts controlling on this subject, in the recent case of *Chesapeake and Ohio Ry. v. Cockrell*, 232 U. S., 146, Associate Justice *Van Devanter*, delivering the opinion, said: "So when in such case a resident defendant is joined with the nonresident, the joinder, even though fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal, but showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice. The showing must be such as compels the conclusion that the joinder is without right and made in bad faith."

Considering the record in view of these established principles, we are of the opinion that the claim of fraudulent joinder of the individual resident defendants has not been sufficiently alleged by the petitioner and its application for removal has been properly denied.

The basic facts of plaintiff's injury set forth in the complaint with great fullness and detail are to the effect that, in January, 1917, plaintiff, a resident of North Carolina and an employee of defendant company, was engaged in the performance of his duties in one of defendant's buildings at Sylva, N. C., his special work being to haul tanbark in company's carts from the sheds into the said mill building; that one of the tracks of the defendant company ran close by the side of said building, where plaintiff was at work and said track and roadbed had been allowed to become and remain in a dangerous and threatening condition, caused chiefly by leaky pipes and sewers running over and under said tracks; that, on the occasion in question, a train of the company heavily loaded with wood was backed along said track in a careless manner by defendant's employees in charge of same, when at the point described, owing to the unsafe and dangerous condition of the track and the negligent manner in which the said train was operated, a car became derailed, was thrown against the brick and stone wall of the building where plaintiff was doing his work, causing same to fall upon plaintiff, inflicting serious injuries from which he is now a cripple and permanently disabled; that these injuries were caused by the joint wrong and negligence of the defendant company, a foreign corporation, and of its resident employees and codefendants, E. L. McKee, president, superintendent and general manager of defendant company, who, in the complaint, is alleged to have had immediate charge, supervision, management and control of the hands and laborers employed in and around said plant, with power and authority to employ and discharge such hands and laborers, and of the method, manner and ways in which the several departments of said plant were conducted and operated, of the upkeep, repair-

ing, and maintenance of the aforesaid sidetracks, spurs, and switches, and the running and operation of said cars and steam locomotives"; Wade C. Hill, foreman and superintendent, having immediate charge, supervision and control of engine and train crews and of the movement of its trains, etc., and also of its track crew and force employed to keep the track in safe and sound condition; Carse Bumgarner, track foreman, invested by the company with the immediate supervision and management and duty of keeping up and repairing said tracks; Robert Cordell, the engineer engaged as employee of defendant in operating said engine at the time when the negligent operation of the train was the alleged cause in part of plaintiff's injury; and the three remaining defendants named, assisting in the operation of said train, and whose duties and negligent breach thereof are also alleged. Having stated the connection of these individual and resident defendants, with cause and source of plaintiff's hurt, a detailed description of his injuries is set forth and judgment demanded for the joint wrong of the company and its resident employees connected with the wrong.

While the petition for removal contains positive allegation of fraudulent purpose on part of plaintiff and very full denial of liability on the part of defendants or any of them, the allegations bearing on the question of fraudulent joinder are very meager and entirely insufficient to justify the Court in holding, from the facts stated, that such fraudulent joinder has been made or attempted.

In reference to E. L. McKee, there is, as stated, full denial of liability on his part and of any connection with the acts of negligence complained of. It is admitted, however, that this defendant is president of the company. It is not denied that he is superintendent and general manager, and, while it is averred that his duties as president were chiefly in the office of the company, there are no facts or circumstances set forth showing that, as president and general manager he is not guilty of negligent default, causing the injury as charged in the complaint. And in reference to the other defendants, the only allegations bearing on the question of fraudulent joinder are as follows: "That none of the other defendants were responsible for or connected with, as your petitioner is informed and verily believes, any of the acts of negligence complained of in the complaint, but were in truth and in fact joined as parties defendants to prevent removal of this cause to the Federal court, and that as your petitioner verily believes this is indicated by the particularity with which the plaintiff alleges the citizenship of each of the other defendants in his said complaint."

The position and conduct of all of these defendants, as stated in the complaint, are set forth as general averments in denial of liability of

these defendants, but affording no data designed and calculated to inform and aid the court to a right decision on the question of fraudulent joinder.

We were referred by counsel to the cases of *Rhea v. Mirror Co.*, 158 N. C., 24, and *Wecker v. Nat. Enameling Co.*, 204 U. S., 176, as authorities in sufficient support of defendant's position. "In the *Rhea case* a suit against a foreign corporation and a resident employee, after alleging fraudulent joinder in positive terms and with a full statement of the facts and circumstances of the occurrence, the petition averred that the resident defendant was an employee holding only a clerical position in the office, having no connection with plaintiff or his duties and was not on the premises when the injury occurred."

"And in *Wecker's case*, after denial of liability and averment of fraud, in an affidavit annexed to the petition and as part of same, it appeared that the resident defendant held only a subordinate position as draughtsman in the company's office where he did his work under the immediate direction of a superior, and that he had no relationship whatever with the injury or the cause of it, and upon these allegations the court very properly held that, if established, they were sufficient to disclose a case of fraudulent joinder requiring a present removal and that, under the decisions apposite, if plaintiff desired to challenge the truth of the averments, he must do so on motion to remand or other proper procedure in the Federal court." *Rhea v. Mirror Co.* and authorities cited.

In our case, however, the facts and circumstances of the injury are set forth very fully in the complaint, stating the duties of the resident defendants and showing the natural connection of said defendants and their employment and service at the time with the cause of plaintiff's injury, and these duties and this relationship are not challenged with specific allegations of fact in reference to the same, but are met only by general averments in denial of liability, inadequate and insufficient to establish fraudulent joinder or to raise an issue in reference to the same. There is no error and the judgment denying the application is

Affirmed.