HATTIE CRISP, ADMINISTRATRIX OF WILBURN CRISP, v. MONTVALE LUMBER COMPANY AND NANNIE McGUIRE, ADMINISTRATRIX OF F. L. McGUIRE.

(Filed 3 June, 1925.)

**1. Removal of Causes—Federal Courts—Wrongful Joinder—Joint Torts—Pleadings.**

Where the complaint alleges a joint tort against a resident and non-resident defendant, a motion to remove the cause from the State to the Federal Court for misjoinder of the resident defendant, will be denied in the absence of allegation or evidence that the misjoinder was fraudulent.

**2. Same—Election of Remedies.**

Upon defendant's motion to remove a cause from the State to the Federal Court for diversity of citizenship, for the reason that the cause was severable against the nonresident defendant, the question of whether the cause was removable for wrongful joinder of parties defendant depends upon the allegations of the complaint, and under the facts of this case: *Held,* the allegations of negligence against both of the defendants, one as a principal and the other as a vice-principal, in failing to provide plaintiff's intestate a safe place to work in blasting, and proper tools and materials, alleged a joint tort against both defendants, and plaintiff's election to sue them both for the joint tort will control without regard to his motive in pursuing his legal remedy.

**3. Same—Extraneous Matters of Defense.**

Where the defendant on his motion to remove a cause from the State to the Federal Court for diversity of citizenship alleges or offers matter extraneous to the complaint, such matter is in the nature of a speaking demurrer, and will not be considered.

APPEAL by Montvale Lumber Company from an order of *Finley, J.,* made at March Term, 1925, of GRAHAM, denying its motion to remove the cause to the United States District Court for the Western District of North Carolina.

*A. Hall Johnston, T. M. Jenkins, and R. L. Phillips for plaintiff.*
*S. W. Black for the Montvale Lumber Co., defendant.*

ADAMS, J. The plaintiff brought this action to recover damages for personal injury resulting in death. She alleges that her intestate died in July, 1924; that prior to this time he had been employed by the Montvale Lumber Company and placed under the immediate supervision and control of F. L. McGuire, its general manager and vice-principal, to assist in blasting rock with dynamite, giant powder, and other high explosives; that the work required of him was inherently dangerous to life and limb; that the defendant company and its vice-principal failed to exercise due care for his safety, and that as a proximate result of this negligence a number of the holes or blasts exploded and thereby inflicted injuries which caused the intestate's death.

The plaintiff specifically alleges that the death of her intestate was proximately caused by the negligence of the defendant company and F. L. McGuire, its vice-principal, and each of them jointly and concurrently in the following particulars: (1) They negligently loaded the holes or blasts with high explosives and negligently failed to provide a reasonably safe place for the intestate to work in; (2) they negligently failed to furnish him with reasonably safe and suitable tools and appliances; (3) they negligently failed to adopt reasonably safe ways and methods and to give the intestate proper instruction concerning the dangers of his work; (4) they negligently furnished him with a defective blow-pipe or torch and with defective fuses attached to the charges and blasts; (5) they negligently caused the blasts to explode. She alleges further that her intestate was a young man of high character and good habits, industrious, sober, frugal; and that by reason of his death she has been damaged in the sum of $50,000.

In the complaint appears also the following paragraph: "That the defendant, Montvale Lumber Company, negligently failed to comply with the mining laws of the State of North Carolina—to wit, C. S., 6903, which requires the examination of mines with a safety lamp and prohibits the use of matches in any mine. That if the defendants had furnished a safety lamp for the use of the plaintiff and had furnished other material for the purpose of lighting the fuses, the deceased would not have been killed."

In apt time the Montvale Lumber Company filed its petition for removal to the United States District Court for the Western District of North Carolina, alleging that it is a corporation organized in and chartered by the State of South Carolina, and was not at the commencement of the action and is not now a citizen or resident of North Carolina, and that the plaintiff is such resident and citizen. It alleges

that at the time of the intestate's injury and death no joint contractual relation existed between the company and F. L. McGuire; that McGuire was engaged in performing work for it as an independent contractor; and that a final determination of the controversy between the plaintiff and the company may be had without the presence of the other defendants as parties in the cause. The usual bond and notice accompanied the petition.

The petitioner rests its right of removal on two grounds: (1) The complaint states against it a severable cause of action in which McGuire, its codefendant, has no interest; (2) no cause of action is alleged against the resident defendant. The petition contains no allegation of a fraudulent joinder of the defendants.

To warrant a removal the case must be separable into parts, so that in one of them a controversy will be presented wholly between citizens of different States, which can be fully determined without the presence of the other parties. 3 Foster's Fed. Pr. (6 ed.), 2934. In *Staton v. R. R.,* 144 N. C., 134, 140, the Court said: "To constitute a separable controversy 'the action must be one in which the whole subject-matter of the suit can be determined between the parties to the separable controversy without the presence of the other parties to the suit.' Moon on Removal of Causes, sec. 140. The question in respect to the separability of the controversy must be determined upon an examination of the plaintiff's complaint. Allegations in the petition respecting the defenses of the several defendants are not to be considered." And in *Hollifield v. Telephone Co.,* 172 N. C., 714, 720: "The plaintiff is entitled to have his cause of action considered as stated in his complaint. If there has been a joint tort committed, he may sue the wrongdoers jointly or separately, at his election, as they are liable to him in either form of action. *Hough v. R. R., supra; Smith v. Quarries Co.,* 164 N. C., 338; *R. R. v. Miller,* 217 U. S., 209; *R. R. v. Thompson,* 200 U. S., 206. When a party is in the lawful assertion of a right in bringing his action, the law attaches no importance to his motives in pursuing a course which he has a right to take. *Hough v. R. R., supra.* It was said in *R. R. v. Dixon,* 179 U. S., at p. 135: 'The question to be determined is whether the Court of Appeals erred in affirming the action of the (State) Circuit Court in denying the application to remove; and that depends on whether a separable controversy appeared on the face of plaintiff's petition or declaration. If the liability of defendants, as set forth in that pleading, was joint, and the cause of action entire, then the controversy was not separable as matter of law, and plaintiff's purpose in joining Chalkley and Sidles was immaterial. The petition for removal did not charge fraud in that regard or set up any facts and circumstances indicative thereof, and plaintiff's motive in

the performance of a lawful act was not open to inquiry.' " *Fore v. Tanning Co.*, 175 N. C., 583; *Pruitt v. Power Co.*, 165 N. C., 416; *Smith v. Quarries Co.*, 164 N. C., 338; *Hough v. R. R.*, 144 N. C., 692; 3 Foster's Fed. Pr. (6 ed.), 2935.

The principle that the plaintiff's election determines the character of the tort, whether joint or several, is thus stated in *Torrence v. Shedd*, 144 U. S., 527, 36 Law Ed., 528: "As this Court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, 'separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' *Louisville & M. R. Co. v. Ide*, 114 U. S., 52, 56 (29: 63, 54); *Pirie v. Tvedt*, 115 U. S., 41, 43 (29: 331, 332); *Sloane v. Anderson*, 117 U. S., 275 (29: 899); *Little v. Giles*, 118 U. S., 596, 601, 602 (30: 269, 271); *Thorn Wire Hedge Co. v. Fuller*, 122 U. S., 535 (30: 1235)." Also in *Powers v. R. R.*, 169 U. S., 92, 42 Law. Ed., 673: "It is well settled that an action of tort, which might have been brought against many persons or against any one or more of them, and which is brought in a State court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one, for, as this Court has often said, 'a defendant has no right to say that an action shall be several which a plaintiff elects to make joint.' "

The corporate defendant, not denying that the complaint states a joint cause of action, says that it sets up also a severable cause against it in which its codefendant has no interest. We do not think the complaint is susceptible of this interpretation. True, it is alleged that the defendant company failed to comply with the requirements of section 6903 of the Consolidated Statutes, but it is further alleged in substance that the defendants were negligent in this respect; and, considering the complaint as a whole, we apprehend that the draftsman referred the word 'defendants' to the company and its vice-principal, F. L. McGuire, and not to his administratrix, upon whom rested no duty to comply

with the statutory provision. Upon the defendant's interpretation, the allegation, if not meaningless, would be without definite significance. Our conclusion is that the complaint by fair intendment states a joint cause of action against the defendants and not a severable cause against the corporate defendant.

The second alleged ground of removal is without merit. In its brief the lumber company refers to the death of the defendant's intestate and to the time and manner of its occurrence; but this reference is in the nature of a "speaking demurrer," which invokes the aid of matters not appearing in the complaint and, therefore, not requiring consideration. *Staton v. R. R., supra.* For the same reason it is not necessary to consider the petitioner's allegation that McGuire was engaged in the performance of work as an independent contractor. *Thomas v. Lumber Co.,* 153 N. C., 351.

The judgment is

Affirmed.