The defendant, Salem Collins, was a resident of Haywood County at the time of the death of plaintiff's intestate and was the engineer in charge of the engine owned and operated by the Suncrest Lumber Co. The defendant, Ed Styles, is a resident of Haywood County, and at the time of the death of plaintiff's intestate, was trainmaster for the Suncrest Lumber Co., and in charge of the trains running from the lumber plant and engaged in hauling logs to the plant of the Suncrest Lumber Co. The defendant, Walter Sherrill, is a resident of Swain County and was conductor for the defendant, Suncrest Lumber Co., upon the logging train owned and operated by said nonresident corporation.
The plaintiff further alleged: "That on or about 20 January, 1923, the defendant, Suncrest Lumber Co., made and entered into a contract with the Champion Fibre Co., by the terms of which the Champion Fibre Co. was to cut and remove timber on the lands of the Suncrest Lumber Co., and that the said Suncrest Lumber Co. was to haul provisions for the Champion Fibre Co., and its contractors, free of cost, from Sunburst to the operations of Champion Fibre Co., or its contractors engaged in the cutting and manufacturing of said wood, and that the interpretation placed on said contract was that all contractors, employees of contractors, and all others engaged in the manufacture of wood from the lands covered by said contract and owned by the Suncrest Lumber Co., should be transported free of charge over and across said line of railroad extending from Sunburst to the wood operations contracted to the Champion Fibre Co., as hereinbefore stated."
The plaintiff further alleged that after said contract was entered into between the Suncrest Lumber Co. and the Champion Fibre Co., that the Champion Fibre Co. entered into a contract with T. L. Queen, plaintiff's intestate, by the terms of which said Queen was to cut and manufacture the timber on the lands owned by the Suncrest Lumber Co.
The plaintiff further alleged: That on 21 September, 1925, the plaintiff's intestate, "together with some employees, at the invitation and request of defendants and in pursuance to both an expressed and implied contract then existing between the plaintiff's intestate and the defendant company, loaded a quarter of a beef on a car then owned by the defendant company, and thereupon plaintiff's intestate and certain employees and approximately forty-five employees of the defendant company got on the train, consisting of an engine and one car, at the *Page 151 
defendant's station at Sunburst for the purpose of being transferred to their work some twelve miles up in the mountains."
Plaintiff further alleged: "That said engine and train was negligently operated by the trainmaster, engineer and conductor, loaded too heavily, and that certain appliances and attachments necessary to the safe operation of the train were out of order or repair, and that, as a result thereof, the train was wrecked and plaintiff's intestate killed."
Whereupon, plaintiff demanded judgment for $75,000.00 damages.
The defendant in apt time duly filed a petition for removal to the Federal Court upon the ground of fraudulent joinder of the engineer, trainmaster and conductor of said train, who were all residents of North Carolina. The petition for removal admits that the defendant, Salem Collins, was the engineer of the local train at the time of derailment, and that the defendant, Ed Styles, was trainmaster of said train, and that the defendant, Walter Sherrill, was conductor of said train.
The trial judge denied the motion to remove the cause and retained it for trial in the State court, from which judgment the defendant, Suncrest Lumber Co., appealed.
The allegations of the complaint are set out at length and allege a joint tort, and therefore the plaintiff could have brought her action against the nonresident defendants or against the resident defendants separately, because the resident defendants were in control of the train and actively engaged in the operation thereof.
This case is governed by the case of Hough v. R. R., 144 N.C. 692, and the decisive principles are fully discussed and determined in the case ofCrisp v. Fibre Co., ante, 77. The judgment is
Affirmed.